*511 OPINION OF THE COURT
John R. Tenney, J.
These actions, treated together for the purpose of these motions, arise out of the abandoned Onondaga County Resource Recovery Project. Plaintiffs are attorneys and professional engineers apparently engaged to provide services during the study and planning stages of the proposal. The defendants are the county, the County Executive and the County Legislature, individually and as a body.
The complaints alleged theories of breach of contract, quantum meruit, unjust enrichment, tortious interference with contract and prima facie tort. This is a motion to dismiss by the legislators in both capacities. (CPLR 3211 [a].) The county and the County Executive have not joined in the motion.
On September 27, 1976, the Legislature passed a certain "Bond Resolution” (No. 289 of 1976) which it amended on April 11, 1977 (No. 157 of 1977). The amended resolution provided that the estimated maximum cost of the project would be $63,543,000 and provided for a method of raising the fund which would include "the issuance of $45,400,000 serial bonds of said County, of which $17,600,000 serial bonds are hereby authorized to be issued as a first series of said total amount.” (Emphasis supplied.) The resolution does not provide for the manner in which these, or any other funds, would be encumbered or expended. Viewed in isolation, this resolution cannot be construed as an "appropriation”. It is an authorization to raise funds, not to spend them.
In 1980 and 1981, the Legislature passed three further resolutions which relate to financing the project. The first of these (No. 314 of 1980) states, in part:
"whereas, Resolution No. 157 of 1977 authorized and appropriated $17,600,000 to pay part of the cost of a County Solid Waste Disposal and Resource Recovery System; and
"whereas, the Legislature determines that for success of this complex and innovative project, it expresses its approval to expend the sum of $1,900,000 for undertaking engineering design * * * financial and legal services * * * now, therefore be it
"resolved, that a sum not to exceed $1,900,000 from funds heretofore appropriated for resource recovery be used for engineering design * * * financial and legal services * * * and be it further
"resolved, that the County Executive is hereby authorized *512 to execute any and all contracts necessary to carry the intent of this resolution.” (Emphasis supplied.)
Two further resolutions (No. 576 of 1980 and No. 381 of 1981), for additional sums of $250,000 and $650,000, contained essentially equivalent language.
Finally, the Legislature passed Resolution No. 36 on February 6, 1984, which called for expenditure of a further $269,000. The wording of this resolution, however, is substantially different. It states, in part:
"whereas, this legislature has previously authorized funds * * * and
"whereas, it is necessary to appropriate funds * * * now, therefore, be it
"resolved, the Onondaga County Legislature does hereby appropriate the amount of $269,000 of funds previously authorized pursuant to Resolution No. 157-77” (emphasis supplied).
The account maintained by the County Comptroller shows appropriations equal to the sum of the four resolutions outlined above, not $17,600,000 pursuant to the 1977 bond resolution. There remains in the account approximately $50,000 in unencumbered funds against which $729,133.93 in claims have been filed, in addition to the claims for $628,098.04 and $295,542.45 in controversy here.
On March 29, 1984, the Legislature refused to adopt a proposed resolution to provide additional sums to pay plaintiff’s claims. Instead, the Legislature terminated the entire resource recovery project (Resolution No. 92-84). In addition, on July 2, 1984, the Legislature declined to act on a request by the County Executive to provide funds for payment of the outstanding claims.
Against this background, the complaint alleges that "the defendants willfully, knowingly, and wrongfully refused to authorize and permit the release of funds to allow the County Comptroller to make payment to plaintiff of the sums due and owing under the contract” (emphasis supplied). The affidavits clarify this allegation by stating that the gravamen of the claim is that the defendants "refused to authorize the release of monies that had already been appropriated” (emphasis supplied).
Defendants contend that, as a matter of law, the bond resolution was not an appropriation and that, without an appropriation, there can be no claim against them or against the defendants not participating in this motion. (See, County *513 Law § 362 [3]; Onondaga County Administrative Code § 5.03.) Plaintiffs allege that, at a minimum, there is a question of fact as to the intent and effects of the 1977 bond resolution which precludes the granting of summary judgment.
It is apparent that there was no true "appropriation” in 1977. However, under any resolution of the factual question, the complaint must be dismissed. Even if the bond resolution was an appropriation, the Legislature would have no power to audit and pay claims. Under the Onondaga County Charter §§ 501 and 502, that power is vested in the Comptroller as agent for the county.
If the bond resolution was not an appropriation, the plaintiffs’ only theory would be, in essence, that the Legislature wrongfully refused to appropriate sufficient funds to meet the county’s obligations under the contracts. There is no such cause of action recognized in New York. The discretionary power of appropriation is vested exclusively in the Legislature. (Onondaga County Charter § 208.) There can be no civil liability for failure to exercise this discretionary power, regardless of the motives of the legislators. (Sinhogar v Parry, 74 AD2d 204; Rottkamp v Young, 21 AD2d 373.)
The court has examined plaintiffs’ other allegations and finds them unpersuasive. The complaint as against the Legislature and its members should be dismissed.