isted and even "wild shifts in mood", there is no evidence of the required subjective element "that defendant did in fact act under the influence of extreme emotional disturbance" and, in the absence of any proof as to defendant's background or prior mental state, no objective evidence "that there was [a] reasonable explanation or excuse for the emotional disturbance" *(People v Moye,* 66 NY2d 887, 890). Accordingly, the judgment must be reversed and the murder indictment dismissed with leave to the People to re-present other appropriate charges to another Grand Jury *(see, People v Gonzales,* 61 NY2d 633, 635). In view of this determination, it is unnecessary to consider other issues raised by defendant concerning the trial court's evidentiary rulings and prosecutorial misconduct on summation. We note, however, that the testimony of the police artist as to the description of the defendant provided by an eyewitness to the shooting was outside the scope of proper redirect examination and constituted both improper bolstering and inadmissible hearsay. (Appeal from judgment of Monroe County Court, Celli, J.—manslaughter, first degree.) Present— Doerr, J. P., Boomer, Balio, Lawton and Schnepp, JJ.

◼ GILL, KORFF AND ASSOCIATE, ARCHITECTS AND ENGINEER, P. C., in Association with HENNINGSON, DURHAM & RICHARDSON, INC., Appellant, v COUNTY OF ONONDAGA, Defendant, and ONONDAGA COUNTY LEGISLATURE et al., Respondents.—Order unanimously affirmed, without costs, for reasons stated in memorandum decision at Special Term, Tenney, J. (Appeal from order of Supreme Court, Onondaga County, Tenney, J.—dismiss complaint.) Present—Doerr, J. P., Boomer, Balio and Schnepp, JJ. *[See,* 131 Misc 2d 510.]

◼ RIDDELL, FOX, HOLROYD & JACKSON, P. C., Appellant, v COUNTY OF ONONDAGA, Defendant, and ONONDAGA COUNTY LEGISLATURE et al., Respondents.—Order unanimously affirmed, without costs, for reasons stated in memorandum decision at Special Term, Tenney, J. (Appeal from order of Supreme Court, Onondaga County, Tenney, J.—dismiss complaint.) Present—Doerr, J. P., Boomer, Balio and Schnepp, JJ. *[See,* 131 Misc 2d 510.]

◼ In the Matter of ELIZABETH C.—Order unanimously affirmed, without costs. Memorandum: Petitioner established by clear and convincing evidence that presently and for the foreseeable future respondent has and will continue to suffer from a mental illness which makes her unable to provide adequate care for her child *(Matter of Nereida S.,* 57 NY2d 636, 640, *rearg denied* 57 NY2d 775). Contrary to respondent's