■ GILL, KORFF AND ASSOCIATE, ARCHITECTS AND ENGINEER, P. C., in Association with HENNINGSON, DURHAM & RICHARDSON, INC., Appellant, v COUNTY OF ONONDAGA et al., Respondents.—Order unanimously affirmed without costs. Memoran-

dum: Supreme Court properly granted summary judgment dismissing plaintiff's complaint which sought payment for engineering services rendered for the County of Onondaga in connection with its resource recovery project. County Law § 362 (3) provides that "[n]o expenditure, or contract which in any manner involves the expenditure of money or the incurring of any pecuniary liability, shall be made or entered into by any administrative unit, officer or employee, unless an amount has been appropriated and is available therefor or has been authorized to be borrowed pursuant to the local finance law." Onondaga County Charter § 610, provides that "[n]o payment shall be authorized or made and no obligation incurred against the County except in accordance with appropriations duly made, or except as permitted otherwise by the local finance law."

It is undisputed that no appropriation was made and no borrowing was authorized for the services for which plaintiff seeks payment. Thus, there can be no recovery under the contract for those services.

Moreover, the general rule is that there can be no recovery against a municipality in quantum meruit where the original contract is void as contrary to statute. As an exception to the general rule, a plaintiff may recover from a municipality where he has entered into the contract in good faith, the contract does not violate public policy, and the circumstances indicate that the municipality would be unjustly enriched (*Vrooman v Village of Middleville*, 91 AD2d 833, 834-835, *lv denied* 58 NY2d 610). This case is distinguishable from *Vrooman (supra)*.

In *Vrooman (supra)*, the municipality was ordered by the State to construct a sewage treatment plant, the services rendered by the plaintiff were essential to the construction of that plant, and the plant was constructed. Under those circumstances, a denial of recovery would result in unjust enrichment of the municipality and a recovery based upon quantum meruit would not be contrary to the policy underlying the general rule, which is that of safeguarding the taxpayers' interest against extravagance and collusion on the part of the public officials (*see, Vrooman v Village of Middleville, supra,* at 835). Here, there was no requirement that the county provide a resource recovery project and the Onondaga County Legislature voted not to construct it. Thus, the taxpayers received no benefit from plaintiff's services and the county was not unjustly enriched thereby. To permit plaintiff to recover for those services without an appropriation would

contravene the policy underlying the adoption of County Law § 362 (3) and Onondaga County Charter § 610. Although it may seem harsh to deny plaintiff payment for services rendered at the request of the municipal officials, plaintiff, in the absence of an appropriation, undertook the work at its own risk. It has often been repeated that since the powers of a municipal corporation are wholly statutory, every person who deals with such a body is bound to know the extent of its authority and the limitation on its powers (27 NY Jur 2d, Counties, Towns, and Municipal Corporations, §§ 1217, 1218). (Appeal from order of Supreme Court, Onondaga County, Tenney, J.—dismiss complaint.) Present—Dillon, P. J., Doerr, Boomer, Balio and Davis, JJ. *[See,* 131 Misc 2d 510.]