■ In the Matter of AMDAHL CORPORATION, Appellant, v NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION, Respondent. [611 NYS2d 50] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Cobb, J.), entered April 20, 1993 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition due to petitioner's lack of standing.

Petitioner manufactures, sells and services computer hardware. Respondent's division of Systems Support Services is responsible for the operation of automated systems involving computers used to administer certain student loan programs. The automated default collection portion of the Federal Family Education Loan Program is run on an IBM computer using a system identified as the Debt Management Collection System software package (hereinafter DMCS). Federal regulations impose substantial penalties, including forfeiture and fines, if prescribed "due diligence" requirements relating to the administration and collection of the student loan program are not met.

In June 1992, respondent concluded that because of an increased workload of the DMCS and expected growth, the capacity of its computer hardware would be overutilized by

January 1993 and result in a failure to comply with the Federal regulations. Therefore, in July 1992, respondent submitted a request to the State Division of the Budget for authorization to upgrade its IBM 3090-200 computers to IBM 3090 J or plug-compatible hardware.* Respondent made a further request in a November 4, 1992 letter. Finally, by letter dated February 5, 1993, respondent submitted an "urgent request" to the Office of General Services (hereinafter OGS) for authorization to issue a request for proposal (hereinafter RFP) wherein it asserted, in part, that: "[Respondent] originally planned to entertain bids from all possible vendors, including not only new and used IBM vendors, but plug compatible vendors as well. Due to the serious nature of current circumstances, and the need to prevent costly delays and administrative burdens, [respondent] now has an urgent need to seek bids from only new or used IBM vendors."

By letter dated February 17, 1993, OGS authorized respondent to release an RFP and concurred with respondent's justification for limiting the bid competition to new and used IBM hardware. Respondent issued bids to over 315 potential bidders including petitioner, a plug-compatible manufacturer. Upon inquiry, petitioner was advised that bids for IBM equivalent hardware would not be considered. Respondent also denied petitioner's request for clarification of the weight to be afforded to the various factors that respondent would use in evaluating the bids.

Petitioner commenced this CPLR article 78 proceeding seeking, *inter alia,* a judgment directing respondent to issue a new RFP in accord with State Finance Law § 174 (4) (a). The petition alleged that the RFP contravened the State Finance Law and its competitive bidding provisions by not allowing the proposal for plug-compatible products which comply with the performance and functional specifications of the RFP, and by improperly favoring a specific manufacturer without a rational basis. Supreme Court dismissed the petition ruling that, while the RFP violated State Finance Law § 174 (4), petitioner was not harmed by respondent's failure to state the relative importance of price and other evaluation factors and, consequently, lacked standing to challenge this discrepancy. Supreme Court also held that petitioner could not succeed in this proceeding because petitioner did not show that a particular manufacturer was favored for a corrupt or unfair purpose. This appeal ensued.

---

* Hardware compatible with IBM software is referred to as plug-compatible.

The judgment must be reversed and the petition reinstated, as we find merit to petitioner's argument that it has standing to challenge respondent's alleged violation of State Finance Law § 174 (4) (a) which mandates that requests for proposals "state the relative importance of price and other evaluation factors". It has been held that the award of contracts for a public project "is a matter of acknowledged public interest which relieves the petitioner of the obligation to show that it is an aggrieved party or that it has any special interest" *(Elia Bldg. Co. v New York State Urban Dev. Corp.,* 54 AD2d 337, 342). Because unsuccessful bidders have standing, "it would be 'illogical to deny standing to one who claims that the violation of the statute prevented him from entering any bid at all' " *(supra,* at 342, quoting *Empire Elec. Contrs. Assn. v Fabber,* 71 Misc 2d 167, 170).

Petitioner's contention that it has established a violation of the competitive bidding statutes requiring avoidance of any contract awarded thereunder is persuasive. Respondent's RFP stated the method of evaluation, listing six factors to be taken into account including total cost, and reserved the right to place such weight on each factor as it deemed appropriate. Respondent failed, however, to state the weight according to price and other evaluation factors *(see,* State Finance Law § 174 [4]). This failure was arbitrary and a violation of the statute, voiding the award procedures followed by respondent *(see, Elia Bldg. Co. v New York State Urban Dev. Corp., supra,* at 344).

Relying on *Matter of Allen Group (Allen Testproducts Div.) v Adduci* (123 AD2d 91, *lv denied* 69 NY2d 610), Supreme Court improperly concluded that petitioner must show that a particular manufacturer is being favored for some corrupt or unfair purpose. In *Allen,* unlike here, there was an absence of any violation of the provisions of State Finance Law § 174 *(Matter of Allen Group [Allen Testproducts Div.] v Adduci, supra,* at 95). In this instance, there is a violation of State Finance Law § 174 and the failure to abide by the competitive bidding statutes renders the process void and unenforceable *(see, Elia Bldg. Co. v New York State Urban Dev. Corp., supra,* at 342). Therefore, the fact that respondent's determination to limit the bid process to new or used IBMs had a rational basis is not decisive here. The matter should be remitted to Supreme Court for further proceedings to determine the appropriate remedy *(see, supra,* at 345).

Crew III, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is reversed, on the law, with costs,

and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.