Informal Opinion No. 98-16 Morton H. Abramowitz, Esq. Assistant County Attorney County of Niagara Niagara County Courthouse Lockport, N Y 14094-2740
Dear Mr. Abramowitz:
You have asked whether the employment contract between the Niagara County Industrial Development Agency and its executive director contains provisions proscribed by General Municipal Law § 858-a. That statute provides in part that "[t]he compensation of an officer or full-time employee of the agency . . . shall not be contingent on the granting of financial assistance by an agency". Id., § 858-a(1). "Financial assistance" refers to proceeds of bonds issued by an IDA and to tax exemptions provided by an IDA. Id., § 854(14). This prohibition of contingent compensation was added in 1993 as part of a larger reform of IDA practices. The statute resulted from the Legislature's lengthy review of IDA practices and was intended to curtail abuses by increasing the oversight and accountability of IDAs. Bill Jacket, L1993, ch356, Sponsor's Letter in Support dated July 16, 1993.
You have advised us that the contract in question provides that the executive director will receive an annual salary of $69,000. The contract also states that the executive director will receive an additional salary of 1.5% of the agency fees collected for bond projects by the IDA between October 1, 1994 and October 13, 1997. This additional salary is to be paid quarterly, rather than at a bond closing when other transaction fees are paid. You state that the contract further provides that, "in the event the additional payment was held unenforceable or in conflict with State Legislation, a minimum additional payment of $3,000 per year would be paid to the Executive Director as additional compensation in place of the percentage payment".
We conclude that the first contract provision violates the terms of the General Municipal Law. It is clear that a provision for an additional salary payment consisting of a percentage of the agency fees collected for bond projects is compensation that is "contingent on the granting of financial assistance" by the IDA. The alternative "additional payment" to replace the percentage payment that is referred to as a "minimum" of $3,000 per year also appears to be a statutory violation. If under the terms of the contract or in the implementation of the provision the minimum additional payment of $3,000 per year would be made only when the IDA collected agency fees for bond projects and then determined not to use the percentage payment method, the minimum additional payment also would be "contingent on the granting of financial assistance" and, therefore, would not be permissible under the statute. Presumably, if it was unrelated to "financial assistance" to clients of the IDA, it would be a fixed amount that is part of the base salary of the executive director.
We conclude that the provisions of the Niagara County IDA's contract with its executive director, which state that the director is to receive an additional salary equal to 1.5% of the agency fees collected on IDA projects, violate General Municipal Law § 858-a(1). The second provision, which grants an additional "minimum" payment if the first provision is found to violate State law, also appears to violate section 858-a(1).
You also have asked whether the IDA should be instructed to recover some or all of the payments made to the executive director under the provisions discussed above. Contract provisions that are contrary to statutory requirements intended to protect the public and prevent fraud are void and unenforceable. See, Benjamin v. Koeppel, 85 N.Y.2d 549
(1995); Amdahl Corporation v. NYS Higher Education Services Corporation,203 A.D.2d 792 (3d Dept 1994); Gill, Korff and Associate v. County ofOnondaga, 152 A.D.2d 912 (4th Dept 1989). Therefore, the unlawful payments may be recoverable.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
SIOBHAN S. CRARY
Assistant Attorney General