■ RTC PROPERTIES, INC., Doing Business as RIVER TERMINAL DEVELOPMENT COMPANY, Appellant, v BIO RESOURCES, LTD., et al., Respondents. RTC PROPERTIES, INC., Doing Business as RIVER TERMINAL DEVELOPMENT COMPANY, Respondent, v BIO RESOURCES, LTD., Appellant. [744 NYS2d 173] —Order, Supreme Court, New York County (Barry Cozier, J.), entered January 29, 2001, as amended by order entered March 13, 2001, which dismissed all but the eleventh claim in the complaint, unanimously affirmed, without costs. Order, same court (Karla Moskowitz, J.), entered December 28, 2001, which granted plaintiff's motion to serve an amended complaint containing various causes of action based on the existence of a joint venture between the parties, unanimously reversed, on the law and the facts, without costs, and the motion denied.

Plaintiff's causes of action based on an oral joint venture agreement to develop and operate a power plant on land owned by plaintiff and, pursuant to a power purchase agreement entered into between defendant Bio Resources and Con Edison, to sell electric power to the latter over a 30-year period, were correctly dismissed by the first order on the ground that the alleged joint venture agreement is incapable of performance within one year (General Obligations Law § 5-701 [a] [1]; *see, Unicorn Enters. v Stonewall Contr. Corp.*, 232 AD2d 404). It does not avail plaintiff to argue part performance. Where construction of the power plant was never commenced, no electricity was ever supplied to Con Edison and the parties never relinquished control of their respective assets to the joint venture, plaintiff's actions, geared entirely to the feasibility of the project and in the nature of due diligence, are not unequivocally referable to the alleged joint venture agreement, and can be reasonably explained as preparatory to entering into a lease with Bio Resources, as indicated in the power purchase agreement (*see, Anostario v Vicinanzo*, 59 NY2d 662, 664). Nor does it avail plaintiff to claim, as it does in its amended complaint, that the joint venture was divided into feasibility and operations stages, and that the former stage had no stated duration and was at will. In determining whether an agreement can be fully performed within a year, courts must consider the duration of the entire agreement and not merely a single phase (*see, Durante Bros. Constr. Corp. v College Point Sports Assn.*, 207 AD2d 379, 380). In any event, the amended complaint is devoid of allegations that the parties combined their respective assets for purposes of jointly pursuing the feasibility stage.

The statute of frauds is not an automatic bar to a cause of action for unjust enrichment (*see, Farash v Sykes Datatronics*, 59 NY2d 500; *Spodek v Riskin*, 150 AD2d 358, 361). At the very least, plaintiff should have a right to seek recovery, under its eleventh cause of action, of its half of the $210,000 deposit that Con Ed returned to Bio Resources, and any other shared or out-of-pocket expenses it can prove that are not dependent upon an oral agreement otherwise barred by the statute of frauds.

We have considered plaintiff's other points and find them to be without merit. Under the circumstances, there was no need to entertain a motion for leave to amend the complaint. Concur—Tom, J.P., Andrias, Saxe, Ellerin and Wallach, JJ.