Stanley FEINGOLD, Plaintiff–
Appellant,

v.

Joseph N. HANKIN, individually, personally, and in his capacity as President of Westchester Community College, Harry Phillips, III, individually, personally, and in his capacity as Chairman of the Trustees of Westchester Community College, Timothy S. Carey, personally, and in his capacity as Chairman of the Trustees of Westchester Community College and Westchester Community College, Defendants–Appellees.

No. 03–7726.

United States Court of Appeals,
Second Circuit.

Feb. 25, 2004.

Ronald S. Goldbrenner, New York, N.Y., for Plaintiff–Appellant.

Linda M. Trentacoste (Stacey Dolgin–Kmetz, on the brief) for Charlene M. Indelicato, Westchester County Attorney, White Plains, NY, for Defendants–Appellees.

Present: KATZMANN, B.D. PARKER, Circuit Judges, and PRESKA,\* District Judge.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and hereby is **AFFIRMED** in part, **REVERSED** in part, and **REMANDED** to the district court for further proceedings not inconsistent with this order.

Plaintiff appeals the district court's order converting the defendants' motion to dismiss the complaint into a motion for summary judgment, granting summary judgment for the defendants on Counts I, II, and III of the complaint on the grounds that these claims were barred by the Statute of Frauds, and dismissing Count IV of the complaint. For the reasons that follow, we affirm the decision of the district court in part, reverse in part, and remand to the district court.

This Court reviews a district court's grant of summary judgment *de novo*. *Shannon v. N.Y. City Transit Auth.*, 332 F.3d 95, 99 (2d Cir.2003). Similarly, this Court reviews *de novo* a district court's decision to grant a motion to dismiss, accepting all factual allegations as true and drawing all reasonable inferences in favor of the non-moving party. *Mason v. Am. Tobacco Co.*, 346 F.3d 36, 39 (2d Cir.2003). However, "[l]egal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness." *United States v. Bonanno Organized Crime Family of La Cosa Nostra*, 879 F.2d 20, 27 (2d Cir.1989) (internal quotation marks omitted). The propriety of a court's conversion of a motion to dismiss to a motion for summary judgment is reviewed for abuse of discretion. *In re Merrill Lynch Ltd. P'Ships Litig.*, 154 F.3d 56, 60 (2d Cir.1998).

The district court did not abuse its discretion in converting the motion to dismiss into a motion for summary judgment. "When material outside the complaint is presented to and not excluded by the court, the motion [to dismiss] shall be treated as one for summary judgment and disposed of as provided for in [Federal Rule of Civil Procedure] 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir.2002) (internal quotation marks omitted).

Plaintiff contends that the district court erred in denying plaintiff additional discovery to oppose summary judgment. However, a party resisting summary judgment on the ground that it needs discovery in

---

\* The Honorable Loretta A. Preska, of the United States District Court for the Southern District of New York, sitting by designation.

order to defeat the motion must submit an affidavit showing: "(1) what facts are sought ... and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort the affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts." *Gurary v. Winehouse*, 190 F.3d 37, 43 (2d Cir.1999) (internal quotation marks omitted) *quoting Meloff v. New York Life Ins. Co.*, 51 F.3d 372, 375 (2d Cir.1995). Plaintiff concedes that he filed no affidavits in opposition to defendant's motion. Failure to file the required "affidavit under Rule 56(f) is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate." *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137 (2d Cir. 1994). Accordingly, we find that the district court did not err in denying plaintiff discovery.

The district court did not err in finding that, to the extent that the contract provided for a pension, it was invalid as against public policy. *See Connolly v. McCall*, 254 F.3d 36, 39, 42–43 (2d Cir.2001) (upholding the New York State pension statute, N.Y. Retire. & Soc. Sec. Law §§ 211, 213).

■ The district court did not err in finding that enforcement of the contract alleged by the plaintiff was barred by the Statute of Frauds. The Statute of Frauds is codified in New York State law as follows: "Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent...." N.Y. Gen. Oblig. § 5–701(a)(1) (McKinney 2001). In this case, the petitioner contends that the contract for equivalent benefits satisfies the Statute of Frauds because "[t]here is a note, memorandum or other writing sufficient to indicate that a contract has been made, signed by the party against whom enforcement is sought or by its authorized agent or broker." *Id.* §§ 5–701(b)(3)(d) (McKinney 2001). "To satisfy the Statute of Frauds, the writings must completely evidence the contract which the parties made." *Zaitsev v. Salomon Bros., Inc.*, 60 F.3d 1001, 1004 (2d Cir.1995) (internal quotation marks omitted). We have reviewed the writings purporting to establish a contract, and we conclude that plaintiff has failed to raise an issue of fact as to whether he was promised benefits equivalent to a pension.

The district court did not err in dismissing Count IV of the complaint (negligent misrepresentation) on the grounds that plaintiff failed to file the requisite notice, as required by N.Y. Gen. Mun. Law § 50–e(1)(a) (McKinney 1999); N.Y. County Law § 52 (McKinney 1991).

■ However, we are not persuaded that the district court correctly granted summary judgment on Count III of the complaint (unjust enrichment) on the basis of the Statute of Frauds. "If the plaintiff fails to prove a valid contract, the court may nonetheless allow recovery in quantum meruit to assure a just and equitable result." *Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir.1996) (internal quotation marks omitted). Under New York law, "the Statute of Frauds is not an automatic bar to a cause of action for unjust enrichment." *RTC Properties, Inc. v. Bio Resources, Ltd.*, 295 A.D.2d 285, 744 N.Y.S.2d 173, 175 (2002). In this case, the district court did not distinguish the unjust enrichment claim from the contract claims, nor did it address the issues of whether the complaint states a valid claim for unjust enrichment or whether, assuming such a claim was stated, it was barred by the Statute of Frauds or on some other basis. Accordingly, we vacate the grant of summary judgment on Count III and remand the case to the district court so that it can

in the first instance consider the legal sufficiency of the plaintiff's unjust enrichment claim.

The judgment of the district court is **AFFIRMED** in part, **REVERSED** in part, and **REMANDED** to the district court for further proceedings not inconsistent with this order.