Stanley FEINGOLD, Plaintiff–
Appellant,

v.

Joseph N. HANKIN, individually, per-
sonally, and in his capacity as Presi-
dent of Westchester Community Col-
lege, Harry Phillips III, individually,
personally, and in his capacity as
chairman of the Trustees of Westches-
ter Community College, Timothy S.
Carey, personally, and in his capacity
as Chairman of the Trustees of West-
chester Community College and West-
chester Community College, Defen-
dants–Appellees.

Docket No. 04–4709CV.

United States Court of Appeals,
Second Circuit.

Aug. 9, 2005.

Ronald S. Goldbrenner, Brooklyn, N.Y,
for Plaintiff–Appellant.

Linda M. Trentacoste (Stacey Dolgin–
Kmetz, on the brief), for Charlene M. In-
delicato, Westchester County Attorney,
White Plains, N.Y. (on submission), for
Defendants–Appellees.

PRESENT: CALABRESI, RAGGI,
Circuit Judges, and MURTHA,* District
Judge.

---

* The Honorable J. Garvan Murtha, United
States District Judge for the District of Ver-
mont, sitting by designation.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Plaintiff-appellant Stanley Feingold ("Feingold") appeals from the district court's grant of summary judgment on his unjust enrichment claim against Westchester Community College ("WCC"), a branch of the State University of New York ("SUNY") system.[1] Feingold claims that WCC promised him "a pension or equivalent" when he accepted a position as Cultural Coordinator at WCC in 1982. But sections 211 and 213 of the New York Retirement and Social Security Law barred Feingold from participating in a pension plan at WCC while collecting benefits from the public pension provided by his previous employer, City College of New York. WCC paid Feingold no compensation in lieu of a pension, either prior to or following his retirement from WCC in 1999. This Court previously affirmed the district court's grant of summary judgment on contract and negligent misrepresentation claims that Feingold bought against WCC, and remanded for reconsideration of the unjust enrichment claim. *Feingold v. Hankin*, 91 Fed.Appx. 176 (2d Cir.2004).

We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

Insofar as Feingold claims that WCC contracted to pay him a pension, such agreement is void for violation of statute. "As a general rule, a claim against a mu-

nicipality in quantum meruit will not lie where the original statute is void as contrary to statute or *ultra vires.*" *Vrooman v. Vill. of Middleville*, 91 A.D.2d 833, 458 N.Y.S.2d 424, 426 (4th Dep't 1982); *see New York Tel. Co. v. Town of North Hempstead*, 41 N.Y.2d 691, 696, 395 N.Y.S.2d 143, 363 N.E.2d 694 (1977); *Seif v. City of Long Beach*, 286 N.Y. 382, 387, 36 N.E.2d 630 (1941); *see also Housing Works, Inc. v. Turner*, 179 F.Supp.2d 177, 213 (S.D.N.Y.2001). There are limited exceptions to this general rule, but they require, *inter alia*, that the original contract not be contrary to public policy. *Vrooman*, 458 N.Y.S.2d at 426. To the extent that the contract between Feingold and WCC provided for a pension, that contract also is contrary to the policy underlying the general rule against quantum meruit recovery against municipalities, namely, "that of safeguarding the taxpayers' interest against 'extravagance and collusion on the part of public officials' by requiring municipalities to abide by statutory restrictions on their contractual authority." *Vrooman*, 458 N.Y.S.2d at 426 (quoting *Corning v. Vill. of Laurel Hollow*, 48 N.Y.2d 348, 352, 422 N.Y.S.2d 932, 398 N.E.2d 537 (1979)); *see also Connolly v. McCall*, 254 F.3d 36, 42–43 (2d Cir.2001) (upholding N.Y. Retire. & Soc. Sec. Law §§ 211, 213).

Feingold, however, also claims that he was promised the "equivalent" of a pension. If Feingold is claiming that he should have received post-retirement payments from WCC, either in lump sum or from time to time, such payments would be against public policy for the same reason that a second pension would be. If, in-

---

1. In addition, the district court ruled against Feingold in claims he brought against Joseph N. Hankin, the president of WCC, and Harry Phillips III and Timothy S. Carey, the past and present chairmen of its board, respectively, in both their individual and official capacities. Feingold has not appealed these rulings. Hence, only the claim against WCC remains.

stead, Feingold were claiming that he should have received higher compensation while working for WCC, his claim would be barred, for any year prior to 1996, by the six-year Statute of Limitations. N.Y. C.P.L.R. § 213(2). Because—given the damages sought and the arguments made—it is clear that Feingold is currently asserting only that he should have received post-retirement compensation in lieu of a pension, we take no position as to whether Feingold could have sought unjust enrichment damages based on a claim to higher compensation between 1996 and his retirement in 1999.

We have considered all of Feingold's contentions and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.