*Sequoia Healthcare Services, LLC v. Essex Capital Corporation, Ralph Ianelli*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 26th day of February, two thousand nineteen.

Present:  ROBERT A. KATZMANN,
                        *Chief Judge*,
              PETER W. HALL,
              GERARD E. LYNCH,
                        *Circuit Judges*.

_____

SEQUOIA HEALTHCARE SERVICES, LLC,

                        *Plaintiff-Appellant*,

                        v.                                                    No. 18-2150

ESSEX CAPITAL CORPORATION, RALPH IANELLI,

                        *Defendants-Appellees*.

_____

For Plaintiff-Appellant:              MICHAEL RATO, McElroy, Deutsch, Mulvaney &
                                                   Carpenter, LLP, Morristown, New Jersey.

For Defendants-Appellees:          CASEY B. HOWARD (Jeffrey S. Kramer, *on the brief*), Locke
                                                   Lord LLP, New York, New York.

        Appeal from an order of the United States District Court for the Southern District of New

York (Buchwald, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Sequoia Healthcare Services, LLC ("Sequoia") appeals from a judgment of the United States District Court for the Southern District of New York (Buchwald, *J.*) entered July 11, 2018, granting the motion to dismiss of defendants Essex Capital Corporation ("Essex") and Ralph Ianelli. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The transaction at issue in this appeal arises out of business dealings between Essex and non-party Passaic Healthcare Services, LLC, d/b/a Allcare Medical ("Allcare"). Allcare was a medical equipment company that obtained funding through, among other things, "sale-leaseback" transactions whereby Allcare sold medical equipment to Essex, which Essex then leased back to Allcare in exchange for monthly payments. In late 2013, Sequoia, a member of Allcare, approached Essex, seeking additional funding for Allcare. Essex and its chief executive, Iannelli, agreed to provide $4 million of financing to Allcare (in the form of additional sale-leaseback transactions) on the condition that Sequoia lend Essex $2 million of that amount. Essex would pay Sequoia quarterly interest for the first two years of the loan and then repay the principal loan amount in equal installments between years three and five of the agreement (the "Loan Agreement").

Because Allcare needed funds quickly, Sequoia paid the $2 million directly to Allcare, rather than first giving it to Essex. Then, pursuant to lease agreements, Essex "purchased" $2 million of equipment from Allcare, using the funds provided to Allcare by Sequoia, and leased it back to Allcare. Essex accepted several monthly payments from Allcare pursuant to these lease agreements. Essex also initially paid Sequoia the interest due under the Loan Agreement, paying

2

the first quarterly interest payment by check. The check, drawn on an account owned by Essex and signed by Ianelli, was made payable to Sequoia in the amount of $41,250. It carried the notation from Essex "Interest payment QTR 1." Essex made no further payments to Sequoia, and Sequoia sued.

In a pre-motion letter, defendants identified several bases for a contemplated motion to dismiss, including the Statute of Frauds. After holding a telephone conference about this letter, the district court permitted Sequoia to file an amended complaint in response to the alleged deficiencies. Sequoia accordingly filed an amended complaint, the operative complaint on appeal, asserting claims for breach of contract, fraudulent inducement, and unjust enrichment. Essex filed a motion to dismiss, which the district court granted. On appeal, Sequoia contests only the dismissal of its breach of contract and unjust enrichment claims.

We review the district court's dismissal of Sequoia's breach of contract and unjust enrichment claims under Federal Rule of Procedure 12(b)(6) *de novo*, "accepting as true all factual allegations in the complaint and drawing all reasonable inferences in favor of the non-moving party." *City of Providence v. Bats Global Mkts.*, 878 F.3d 36, 48 (2d Cir. 2017). On a motion to dismiss under Rule 12(b)(6), a court must assess whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The district court did not err in dismissing Sequoia's breach of contract claim as barred by the Statute of Frauds. New York's Statute of Frauds provides that certain types of contracts,

including an agreement that "[b]y its terms is not to be performed within one year from the making thereof," are voidable if they are not in writing and "subscribed by the party to be charged." N.Y. Gen. Obl. Law § 5-701(a)(1). Sequoia does not dispute that the Statute of Frauds is applicable to the Loan Agreement, since it could not be performed within one year, or that a district court may consider the Statute of Frauds, an affirmative defense, on a motion to dismiss.

Sequoia argues only that it plausibly alleged that an exception to the Statute of Frauds applies because documentary evidence of the essential terms of the purported agreement exists. *See* N.Y. Gen. Obl. Law § 5-701(b)(3)(d); *James v. Aquavella, M.D., P.C. v. Viola*, 17 N.Y.3d 741, 742 (2011) (per curiam). According to Sequoia, the district court erred by applying the wrong standard on a motion to dismiss, requiring it to prove, rather than plausibly plead, that this exception applied. Although the district court's opinion does, at times, seem to fault Sequoia for failing to prove the pertinent exception to the Statute of Frauds, when Sequoia only needed to plausibly allege the exception, *see McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004), Sequoia's claim fails under the correct standard. Sequoia had an opportunity to amend the complaint in response to the defendants' Statute of Frauds defense. Yet Sequoia concedes that the only documentary evidence included in the amended complaint does not document the agreement's essential terms, and Sequoia did not allege that any other document evidencing the parties' agreement exists, either in Essex's files or its own. Sequoia therefore has not plausibly alleged that the parties' oral agreement is fully documented in writing, and the Statute of Frauds bars its breach of contract claim. *See South Cherry Street, LLC v. Hennessee Grp. LLC*, 573 F.3d 98, 104 (2d Cir. 2009); *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (2d Cir. 2013).

4

The district court also properly dismissed Sequoia's unjust enrichment claim. While "[t]he Statute of Frauds is not an automatic bar to a cause of action for unjust enrichment," a plaintiff cannot recover damages that are "dependent upon an oral agreement otherwise barred by the Statute of Frauds." *RTC Props., Inc. v. Bio Res., Ltd.*, 295 A.D.2d 285, 286 (N.Y. 2002); *see also Castellotti v. Free*, 138 A.D.3d 198, 208 (N.Y. 2016) (recovery on an unjust enrichment claim "cannot extend to benefits . . . allegedly due under [an] oral agreement" barred by the Statute of Frauds). Sequoia does not argue that Essex was unjustly enriched by obtaining title to equipment that Sequoia paid for, or by receiving loan payments from Allcare for the lease of that equipment. Instead, Sequoia argues that Essex's "benefit" was not repaying the loan. Sequoia may not escape the Statute of Frauds by labeling its contract claim "unjust enrichment," *see Grappo v. Alitalia Linee Aeree Italiane, S.p.A.*, 56 F.3d 427, 433 (2d Cir. 1995), which is precisely what it seeks to do.

We have considered all of Sequoia's remaining contentions and have found in them no basis for reversal. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
