JOHN R. HARDIN and BENJAMIN WILLIAMSON KEEN, as Trustees under the Last Will and Testament of OSCAR KEEN, Deceased, Appellants, *v.* GEORGE H. ROBINSON and Others, Respondents.

First Department, December 29, 1916.

Partnership — dissolution — partnership at will — joint adventure to accomplish specified object — when joint adventurers cannot terminate agreement and exclude fellow-adventurer — accomplishment of enterprise.

Where a partnership is not limited as to time and there is nothing to show the intention of the parties as to its duration, it is a partnership at will and may be terminated at any time at the option of a partner.

But where a partnership, or joint adventure, has for its object the completion of a specified piece of work, or the effecting of a specified result, it will be presumed that the parties intended the relation to continue until the object has been accomplished, and until that time arrives one partner cannot terminate the partnership and continue the enterprise for his own benefit.

Such partnership or joint adventure for the achievement of a specified result can only be terminated by the consent of all the partners interested.

Action by a testamentary trustee for an accounting as to a share of commissions alleged to be due to his testator who, with the defendants, had embarked in a joint adventure to find a purchaser for a manufacturing plant under an agreement to divide the commissions earned. Evidence examined, and *held*, that as the joint adventure was entered into for the accomplishment of the purpose aforesaid and as that result had actually been achieved by the testator's partners, their attempt to repudiate the agreement and to deprive him of his share of the profits was ineffective and they should be required to account.

Said joint adventure cannot be said to have been impossible of accomplishment so as to end the partnership when as a matter of fact the object was accomplished.

APPEAL by the plaintiffs, John R. Hardin and another, as trustees, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 6th day of June, 1916, upon the report of a referee appointed to hear and determine the issues.

*Elbridge L. Adams,* for the appellants.

*Chester A. Jayne,* for the respondents.

PAGE, J.:

The action was brought by the trustees under the last will and testament of Oscar Keen, deceased, for an accounting from the defendants for the proceeds of a certain joint adventure. The contested questions of fact were largely found in favor of the plaintiffs and are briefly stated as follows:

In the month of January, 1907, Oscar Keen, Merle Middleton and George Frederick Keene associated themselves together in a joint adventure to buy and sell the Baldwin Locomotive Works, a large manufacturing plant in Philadelphia, Penn., owned by Burnham, Williams & Co., a copartnership. Some time later, but prior to July, 1908, the firm of Fisk & Robinson, bankers, of New York city, came into said joint adventure,

First Department, December, 1916.       [Vol. 178.

and, in the person of George H. Robinson, one of the members of the firm, took an active part therein. By a letter dated September 29, 1908, written by Oscar Keen to Fisk & Robinson, the terms of which were accepted by said Fisk & Robinson by a letter dated December 30, 1908, it was agreed that, in the event of there being received by either Fisk & Robinson or Oscar Keen any commission arising from the purchase and sale of the Baldwin Locomotive Works, Fisk & Robinson were to have one-half thereof, and Oscar Keen and his associates one-half thereof, in whatever the said commission should be paid, whether cash or securities. Oscar Keen further wrote to his associates, Merle Middleton and George Frederick Keene, agreeing with them as to the division between themselves. Oscar Keen personally and through Frederick J. Stimson, who had family connections with one or more of the firm of Burnham, Williams & Co., endeavored to secure, if possible, an option on the Baldwin Locomotive Works, or a price at which they would be willing to sell. These negotiations were continued during the years 1907, 1908 and until March, 1909, but without success, because the seven members of the firm of Burnham, Williams & Co. could not agree among themselves as to the sale of, or the price to be asked for, the said works.

In order to overcome these difficulties, Stimson made the suggestion to one or more members of said firm that they should be incorporated. On or about February 19, 1909, Alba B. Johnson, one of the members of said firm, with whom Oscar Keen had personal interviews and considerable correspondence, wrote to Oscar Keen that, " after the most careful consideration of the matter, we conclude that we are not disposed at this time to entertain a proposition." In reply to this Oscar Keen wrote to A. B. Johnson, on or about March 8, 1909, that he had had a conference with his principals, who " regret that the matter cannot be taken up now, but trust that in the near future there may be a reconsideration of the subject, in which event I will be pleased to hear from you." This letter was communicated to Merle Middleton, who had a desk in the office of Fisk & Robinson, on or about March 26, 1909. On or about April 8, 1909, Fisk & Robinson wrote to Oscar Keen as follows: " We beg to advise

that we had a final conference on Tuesday last in respect to the negotiations referred to in your letter under date of September 29, 1908, and it was mutually agreed to discontinue all negotiations, thus confirming the decision set forth in Mr. Johnson's letter to you under date of February 19th. In view of the conclusion of the negotiations, the agreement as set forth in our letter under date of December 30th last is, of course, terminated."

The " final conference " referred to in said letter was a conference between the said Fisk & Robinson, Merle Middleton and George Frederick Keene, at which Oscar Keen was not present, and of which he had no notice. In answer to this letter, Oscar Keen wrote Fisk & Robinson on April 9, 1909: " I am in receipt of your letter of April 8, and was not aware that you had a final conference on Tuesday last in regard to the negotiations. If you look at the copy of Mr. Johnson's letter of February 19, 1909, you will observe that he used these words, ' We conclude that we are not disposed *at this time* to entertain a proposition,' implying that at some future time a proposition might be entertained. I thought that, in view of the recent death of Mr. Henszey, the future time might be approaching. Before consenting to the termination of the agreement as set forth in your letter to me of December 30, 1908, I would like to discuss the matter with you, and will soon call on you. Is there anything new in this affair?"

There is no evidence, either that Fisk & Robinson replied to this letter, or that Oscar Keen called and discussed the matter with them. In August, 1909, the Baldwin Locomotive Works having been incorporated, Robinson and Middleton agreed to renew the negotiations for the purchase and sale of the said works on a commission basis, with the understanding, as between themselves, that, in the event of a commission resulting, one-half was to be given to Merle Middleton, out of which he was to take care of George Frederick Keene, the other half to Robinson. Oscar Keen was not present, nor invited to be present, it being the intention of the parties to the transaction to exclude him from any participation in the profits which might result from the adventure. In the month of October, 1909, negotiations were resumed by the defend-

ant Robinson with Alba B. Johnson, representing all the stockholders of the Baldwin Locomotive Works, for an option upon the stock, at which it could be sold to a purchaser, whom Robinson might procure. The negotiation came to an end temporarily in the month of May, 1910, when the banking firm of Kuhn, Loeb & Co., to whom Robinson had introduced Johnson, declined to purchase the stock of the Baldwin Locomotive Works, but did finance a bond issue of $15,000,000.

Fisk & Robinson went into bankruptcy in February, 1910, and thereafter Robinson demanded and received from the Baldwin Locomotive Works $50,000, which he divided with Middleton, George Frederick Keene receiving $12,500 from Middleton. In September, 1910, an agreement was made between Robinson and Johnson that, if a sale should be made to Kuhn, Loeb & Co., certain commissions should be paid to Robinson, based upon price realized. Kuhn, Loeb & Co. made an offer, and while negotiations were pending the Baldwin Locomotive Works were sold to other parties. Robinson then brought an action against Johnson, in Philadelphia, Penn., for commissions, upon the ground that he had put Johnson, as representing all the stock of the Baldwin Locomotive Works, in communication with a responsible and willing purchaser, and that there had been an agreement between them that these negotiations should be continued until they either agreed upon terms or agreed that they could not agree. Robinson recovered judgment for $125,000, which was paid to him on or about December 14, 1914. He paid for expenses of the action $32,055.75, divided $46,472.12 between himself and partners, and deposited $46,472.13 in the American Exchange National Bank, where it still remains.

The learned referee drew the legal conclusion from these facts that the joint adventure entered into between Oscar Keen, his associates, and Fisk & Robinson in December, 1908, being indefinite as to time, was a partnership at will, terminable at any time by any party thereto; that at the time the same was terminated performance thereof was impossible. For these reasons the plaintiff could not recover.

It is true that where a partnership is not limited as to time, and there is nothing to show the intention of the parties as to its duration, it will be held to be a partnership at will.

But where a partnership has for its object the completion of a specified piece of work, or the effecting of a specified result, it will be presumed that the parties intended the relation to continue until the object has been accomplished. There is, then, a term fixed by the copartnership agreement, and until that time arrives one partner cannot terminate the partnership and continue the enterprise for his own benefit.

Nor can the other partners, without his consent, exclude one partner from participation and take to themselves the profits. It may be terminated at any time by consent, but the consent must be mutual. A joint adventure is subject to exactly the same rules as a technical partnership. (*Spier v. Hyde*, 92 App. Div. 467, 472; *King v. Barnes*, 109 N. Y. 267, 285.) " Elementary writers quite uniformly agree as to the causes which effect the dissolution of partnerships. Among other things, it is said that when the further prosecution of the enterprise becomes illegal or impossible, or when its object has been * * * accomplished, it has arrived at the period which was necessarily contemplated for its dissolution." (*Kennedy v. Porter*, 109 N. Y. 526, 549.) In the present case the joint adventure was not terminated by mutual consent, nor had its object been accomplished, nor had the enterprise become illegal.

There remains to be considered the finding of the referee that it was impossible of accomplishment. It would seem to be a sufficient answer to that statement that the object of the joint adventure was accomplished. The word " impossible " is defined by the Standard Dictionary as meaning: " Beyond the reach of power to accomplish. * * * Impracticable in the nature of the case."

Difficulty or present improbability of accomplishment does not constitute impossibility. (See *Cameron-Hawn Realty Co. v. City of Albany*, 207 N. Y. 377, 381.) There was a possibility of accomplishing the object of this joint adventure, which had been suggested during Keen's negotiations; *i. e.*, by the incorporation of the Baldwin Locomotive Works. It was the probability that this result might be accomplished that was suggested in Johnson's letter to Keen and Keen's reply. There was, therefore, no dissolution of the joint adventure, and the defendants are accountable to the plaintiffs for Oscar

Keen's share of the profits. The net profits of the enterprise have been found by the referee to be $142,944.25. Of this amount Oscar Keen was entitled to receive one-sixth part, or $23,824.04.

The judgment will, therefore, be reversed, with costs to the appellants, and judgment directed for the plaintiffs for the sum of $23,824.04, with interest on the sum of $8,333.34 from May 14, 1910, and on the sum of $15,539.70 from the 14th day of December, 1914, together with costs. Order reversing the findings of the referee inconsistent herewith, and making findings in accord with this opinion, to be settled on notice.

CLARKE, P. J., LAUGHLIN, DOWLING and DAVIS, JJ., concurred.

Judgment reversed, with costs, and judgment ordered for plaintiff as stated in opinion, with costs. Order to be settled on notice.