■ IRVING A. MANDEL, Individually and as a Partner of MANDEL & GRUNFELD, Respondent, v HAROLD M. GRUNFELD et al., Appellants. — Order of the Supreme Court, New York County (Blyn, J.), entered April 23, 1985, *inter alia,* granting plaintiff Mandel's renewed motion for the appointment of a temporary receiver, is unanimously reversed, to the extent appealed from, without costs, on the law and the facts and in the exercise of discretion, and the motion is denied.

The instant action involves the dissolution of a law partnership. The initial law firm, Mandel & Grunfeld, was founded in 1974. Defendants with Grunfeld sought to form their own firm in early 1985, occupying space in the same offices as the original firm. Plaintiff Mandel also opted to form a new partnership, continuing to occupy space in the original suite. Both sides sent letters to Mandel & Grunfeld's clients, informing them of these changes.

In February 1985, plaintiff commenced this action alleging breach of partnership agreements, breach of fiduciary obligations and conversion. Plaintiff asked to have a temporary receiver appointed, but Special Term denied this, as both sides had agreed that an amicable dissolution would be attempted. They also agreed to deposit all checks payable to Mandel & Grunfeld in that account and that any withdrawals would have the signatures of both Mandel and Grunfeld.

Shortly thereafter, plaintiff alleged that the defendants were violating the court's order and again asked to have a temporary receiver appointed. This time, the motion was granted, although it was stayed by this court. At present, the parties are winding down the affairs of Mandel & Grunfeld without a receiver, while operating the two new firms.

CPLR 6401 authorizes the appointment of a receiver where "there is danger that the property will be removed from the state, or lost, materially injured or destroyed." There is no such apparent danger in the instant case. Moreover, for a number of months the parties have managed without a receiver. The defendants are not insolvent and may respond in damages if necessary. The proper remedy is an accounting. (*See, Shandell v Katz,* 95 AD2d 742, 743.) Concur — Kupferman, J. P., Sullivan, Asch, Bloom and Ellerin, JJ.