■ FRAMSON, INC., Respondent, v QUEENS INNER UNITY CABLE SYSTEMS et al., Appellants, et al., Defendant.—In an action, *inter alia,* to declare the rights of the parties pursuant to an agreement establishing a joint venture, the defendants Queens Inner Unity Cable Systems, Unity Cable, Inc., Inner City Cable, Inc., Percy Sutton Intercontinental, Inc., Inner City Broadcasting Corp., Unity Broadcasting Corporation, Eugene Jackson, Percy Sutton and Sydney Small appeal from stated portions of an order of the Supreme Court, Nassau County (Murphy, J.), dated June 1, 1989, which, *inter alia,* granted that branch of the plaintiff's motion which was for summary judgment declaring that it retains a 10% interest in the joint venture and denied their cross motion for summary judgment in their favor.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 1981, the plaintiff and the appellants entered into a written agreement whereby they formed a joint venture to obtain and operate a cable television franchise. All parties were to advance certain funds to facilitate obtaining a franchise award and thereafter, *inter alia,* to pay certain assessments as fixed by a management committee established by the agreement. If a joint venturer failed to contribute its share of preaward funds, the agreement provided that that venturer "may" be expelled by an affirmative vote of 90% of the joint venture's owners, but the expelled venturer was entitled to return of any funds advanced. The agreement also contained provisions governing transfer by a venturer of its interest and for automatic termination of the entire venture in the year 2031 or earlier upon consent of venturers holding at least 90% of the venture interests. At termination, proceeds and assets

were to be distributed in accordance with ownership interests at the time of termination. The plaintiff's original interest in the venture was 5% of the capital, profits and losses.

Thereafter, the agreement was modified and reaffirmed in 1981 and the plaintiff's preaward funding share to date was fixed and paid. In 1983, the venture was awarded a franchise by agreement with the City of New York, which agreement provides, *inter alia,* that the plaintiff is a 5% owner. Several months later, the venturers again modified their agreement, this time to, *inter alia,* increase the plaintiff's ownership share to 10%. Disputes arose, however, as to additional amounts of the plaintiff's preaward share and as to postaward assessments. In 1988, the plaintiff learned that all the defendants save the defendant C.V. Cable Corp., which had earlier opted out of the venture, deemed the plaintiff no longer a part of the enterprise. This litigation ensued.

On appeal, the appellants assert that the plaintiff's failure to make certain payments caused its interest in the venture to dissolve by operation of law. However, since this argument was not raised before Supreme Court, it is not properly before us and may not be considered for the first time on appeal *(see, Fresh Pond Rd. Assocs. v Schacht,* 120 AD2d 561). Moreover, we agree with Supreme Court that the appellants' argument that the plaintiff was expelled from the venture for failure to honor preaward funding obligations is without merit. The parties to the agreement made specific provision as to how expulsion was to be effectuated and those provisions are to be strictly applied *(cf., Gelder Med. Group v Webber,* 41 NY2d 680; *Millet v Slocum,* 4 AD2d 528, 532, *affd* 5 NY2d 734). There is no indication that an expulsion vote was taken and it is undisputed that the appellants, who never notified the plaintiff of any expulsion, did not, as required by the expulsion provisions of the agreement, return amounts paid by the plaintiff for preaward funding.

Equally without merit is the appellants' assertion that the venture as a whole was dissolved. A joint venture is subject to the same rules as a formal partnership *(see, Hardin v Robinson,* 178 App Div 724, 729, *affd* 223 NY 651). It must be dissolved on notice to other members in accordance with the provisions of any governing agreement or upon the manifestation by unequivocal acts and circumstances signifying an intent that the enterprise be dissolved *(see, Hardin v Robinson, supra; see also, Spears v Willis,* 151 NY 443, 449; *Gilmore v Ham,* 142 NY 1; *cf., Hutchinson v Sperry,* 158 App Div 704, *affd* 214 NY 616). In this case, the venture has functioned in

the same manner from its inception, the appellants never notified anyone they considered the venture dissolved, the plaintiff's own actions indicate no intent to terminate the venture and there has never been a distribution of assets or winding up of affairs. Under the circumstances, the Supreme Court's declaration that the plaintiff retains a 10% interest in the venture was correct. Bracken, J. P., Brown, Kunzeman and Harwood, JJ., concur.