(July 18, 1991)

■ DAVID H. HARMON, Respondent, v JEFFREY I. MARKS, Appellant.—Order of the Supreme Court, New York County (Francis Pecora, J.), entered on August 10, 1990, which, *inter alia,* appointed a temporary receiver, unanimously reversed,

on the law, and the matter is remanded for a hearing on plaintiff's application for an accounting, and is to be assigned to a different Judge, with costs.

The record in this law firm dissolution action does not support the Motion Court's appointment of a temporary receiver. In support of his application for an accounting, to which the Motion Court responded by appointing a receiver, plaintiff submitted nothing more than his own affidavit expressing dissatisfaction with defendant's handling of the firm's caseload. The two page complaint alleges that due to defendant's actions, clients of the firm have suffered serious delay in the prosecution of their cases to their extreme prejudice.

We are advised in plaintiff's memorandum of law that plaintiff has written a series of letters to the Motion Court. These are not part of the record, and are thus not considered on this appeal.

The appointment of a receiver is a drastic remedy used sparingly in partnership dissolution actions. *(See, Shapiro v Ostrow,* 46 AD2d 859; *Glassner v Kaufman,* 19 AD2d 885.)

Plaintiff's general assertions fall far short of the detailed evidentiary showing required for the appointment of a temporary receiver. *(See Mandel v Grunfeld,* 111 AD2d 668.)* Concur —Murphy, P. J., Milonas, Ross and Rubin, JJ.