■ HATTIE SCHARFF, as Executrix of DAVID SCHARFF, Deceased, Appellant, v SS & K PARTNERSHIP et al., Respondents. —In an action, *inter alia,* to liquidate the assets and wind up the affairs of a partnership, the plaintiff appeals from (1) so much of an order of the Supreme Court, Nassau County (Becker, J.), dated October 25, 1990, as denied her motion for summary judgment and the appointment of a receiver, and, upon searching the record, granted summary judgment to the defendants dismissing the complaint and summary judgment on the counterclaim entitling them to purchase the plaintiff's interest in the SS & K Partnership, and (2) so much of an order of the same court, dated December 17, 1990, as, upon reargument, adhered to the original determination made in the order dated October 25, 1990.

Ordered that the appeal from the order dated October 25, 1990, is dismissed, as that order was superseded by the order dated December 17, 1990, made upon reargument; and it is further,

Ordered that the order dated December 17, 1990, is modified, on the law, by deleting so much of the order dated October 25, 1990, as denied that branch of the plaintiff's motion which was for summary judgment, and, upon searching the record, granted summary judgment to the defendants dismissing the complaint and on their counterclaim entitling them to purchase the plaintiff's interest in SS & K Partnership, and substituting therefor a provision granting that branch of the plaintiff's motion which was for summary judgment; as so modified, the order dated December 17, 1990, is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The SS & K Partnership was created in 1976 by written agreement of David Scharff, Bernard Scharff, and Phyllis Katz, two brothers and a sister, to manage, invest, and trade in real property held by the partnership. The partnership agreement contained a provision allowing the buy out of a partner's interest in the partnership upon his or her death for "book value", by the remaining partners. The partnership was to dissolve by the terms of the agreement if that option was not exercised within two months of the partner's death. The agreement also contained a provision stating that the partnership would dissolve upon the death of any two of the partners. Following the death of Phyllis Katz in 1987, the remaining

partners, Bernard and David Scharff, did not elect to buy out her interest. Instead, they carried on the partnership with her husband and executor of her estate, Marvin Katz, in her place.

David Scharff then died in 1989. Following his death, the defendants Bernard Scharff and Marvin Katz, individually and as executor of his wife's estate, sought to buy out David Scharff's partnership interest for its "book value", claiming that the original partnership agreement still governed, and permitted them to do so. The plaintiff, David Scharff's widow, commenced this action for a liquidation and winding up of the partnership, and moved for summary judgment, asserting that the partnership had dissolved pursuant to the agreement. She also requested the appointment of a receiver to wind up the partnership affairs. The defendants counterclaimed, seeking to buy out the partnership interest of David Scharff held by the plaintiff.

The Supreme Court denied the plaintiff's motion for summary judgment, and for the appointment of a receiver to wind up partnership affairs, and granted summary judgment to the defendants dismissing the complaint and on their counterclaim, allowing them to buy out the plaintiff's interest in the partnership.

We disagree with the Supreme Court that the defendants are entitled to buy out the plaintiff's interest in the partnership pursuant to the 1976 agreement. Even if the agreement is deemed applicable, by its express terms, it provides for the dissolution of the partnership upon the death of any two of the partners. Thus, since David Scharff was the second partner to die, the agreement mandates that the partnership now be dissolved. The plaintiff is therefore entitled to liquidation and winding up of the partnership affairs (see, Partnership Law § 68).

We find, however, that the plaintiff failed to demonstrate that the appointment of a receiver would be warranted to wind up the partnership affairs under the circumstances herein (see, CPLR 6401 [a]). The appointment of a receiver is a drastic remedy used sparingly in partnership dissolution actions (see, Harmon v Marks, 175 AD2d 44). A detailed evidentiary showing is necessary for the appointment of a receiver (see, Harmon v Marks, supra; Modern Collection Assocs. v Capital Group, 140 AD2d 594). Since the plaintiff in this case made only conclusory allegations that the appointment of a receiver was necessary, we decline to direct the appointment

of a receiver at this time. Lawrence, J. P., Copertino, Pizzuto and Santucci, JJ., concur.