■ SANLEY COMPANY, Respondent, v PETER LOUIS et al., Appellants. [602 NYS2d 605] —Order, Supreme Court, New York County (William J. Davis, J.), entered February 10, 1993, which, *inter alia,* appointed a receiver to sell the realty held by the defendant partnerships and enjoined defendant Louis, his agents, employees and all persons acting on his behalf, from taking any action to sell, transfer, encumber or exchange any asset of the partnerships, unanimously reversed on the law, the facts and in the exercise of discretion, without costs, the defendants' motion for the appointment of independent accountants to conduct the accounting in connection with the dissolution of the partnerships is granted and the matter is remanded for further proceedings, which are to include the appointment of independent accountants to conduct the above said accounting and advise the parties with respect to the sale of the partnerships' properties.

Plaintiff Sanley Company and defendant Peter Louis formed the defendant partnerships for the purposes of acquiring, managing and reselling residential real estate. The major asset of each of the two partnerships is a residential apartment building. The properties involved are located at 131 West 87th Street and 74 West End Avenue. No term of duration was set by the partners with respect to either partnership. The partnerships were therefore partnerships at will subject to dissolution at any time by any partner *(Shandell v Katz,* 95 AD2d 742, 743). It is not disputed that the partnerships were dissolved by the July 1, 1992 notices of dissolution sent to defendant Louis by the plaintiff. Consequently, there was no need for the IAS Court to order the dissolution of the partnerships.

After sending the notices of dissolution, plaintiff commenced the underlying action seeking, *inter alia,* dissolution of the partnerships, an accounting with respect to each partnership and a permanent injunction against defendant Louis enjoining Louis, his agents, employees and anyone acting on his behalf from taking action toward selling, encumbering, exchanging or transferring the properties constituting the main assets of the partnerships. By order to show cause plaintiff sought certain pendente lite relief, including the appointment of a receiver to manage the properties during the windup period and to sell the two apartment buildings, when commercially practicable.

While the plaintiff alleged that defendant Louis breached the partnership agreements by, *inter alia,* failing to contribute agreed upon amounts toward operating shortfalls, refusing to cooperate with the resale of the buildings and refusing to turn over certain financial records, plaintiff did not allege that Louis mismanaged the partnership affairs or that he misappropriated partnership funds or assets. Consequently, the appointment of a receiver based on the plaintiff's showing was improper. The appointment of a receiver is a drastic remedy used sparingly in partnership dissolution actions *(Harmon v Marks,* 175 AD2d 44, 45). Plaintiff's assertions fall well short of the detailed evidentiary showing required for the appointment of a temporary receiver *(supra; Mandel v Grunfeld,* 111 AD2d 668).

Since members of the accounting firm, which prepared the financial statements and tax returns of the defendant partnerships, are partners in the plaintiff company, defendants' motion for the appointment of independent accountants to con-

duct the necessary accounting in connection with the dissolutions should be granted. Concur—Murphy, P. J., Wallach, Kupferman and Ross, JJ.