(June 16, 1994)

■ In the Matter of MELVYN TREPPER, Respondent, v ALBINA GOLDBETTER, Appellant. In the Matter of MELVYN TREPPER, Respondent, v ALBINA GOLDBETTER, Appellant. JEROME BECKER, as Receiver, Respondent. [613 NYS2d 599] —Order of the Supreme Court, Kings County (Richard Huttner, J.), entered on June 10, 1991, which, *inter alia,* appointed a receiver (CPLR 6401) of the rents and profits of the partnership property, and denied the motion for a preliminary injunction directing defendant-appellant to comply with the terms of a stipulation, is unanimously reversed, on the law and the facts, the appointment of the receiver is vacated, the motion for a preliminary injunction is granted upon the condition that the managing agent for the properties currently engaged shall

remain in place for the pendency of the litigation or until further order of the IAS Court, and otherwise affirmed, with costs.

Order of the Supreme Court, Kings County (Richard Huttner, J.), entered on October 15, 1992, as amended by the nunc pro tunc order entered on January 26, 1993, which, *inter alia,* found defendant in contempt for failing to turn over assets to the receiver, is unanimously reversed, on the law, and the cross-motions are denied, as moot, without costs.

Appeal from the order of the Supreme Court, Kings County (Richard Huttner, J.), entered on October 9, 1991, which granted reargument of its order entered on June 10, 1991, and, upon reargument, adhered to its original decision, is dismissed as moot.

Motion for a stay of order disqualifying respondent's attorney is dismissed as moot.

This appeal arises from a partnership dissolution action involving two partnerships formed to own and operate two residential apartment buildings in Brooklyn. The record does not support the motion court's appointment of a temporary receiver pursuant to CPLR 6401 *(see, Harmon v Marks,* 175 AD2d 44).

Plaintiff-respondent Melvyn Trepper argues that the actions of his partner Albina Goldbetter in the management of the partnerships' properties, specifically, demanding a 20% management fee for managing the properties and an interest rate of 15% on a $105,000 loan allegedly made by Goldbetter to the partnership, constitute dissipation of the partnerships' assets. Respondent further attempts to justify the appointment of a receiver by alleging contumacy on the part of appellant with respect to compliance with the terms of the order appointing a receiver. We hold that respondent did not make a sufficient showing of "danger that the property will be removed from the state, or lost, materially injured or destroyed" (CPLR 6401 [a]). A detailed evidentiary showing is required for the appointment of a receiver *(see, Modern Collection Assocs. v Capital Group,* 140 AD2d 594).

The drastic remedy of a temporary receiver requires a detailed evidentiary showing and is used sparingly in partnership dissolution proceedings *(see, Scharff v SS & K Partnership,* 187 AD2d 645, 646, *lv dismissed* 81 NY2d 954; *Mandel v Grunfeld,* 111 AD2d 668); it simply is not necessary on this record to protect respondent's interests in the partnerships. This is particularly true in light of appellant's loan of $105,000

to the partnership. There is nothing in this record to indicate that the disputes between the parties concerning sums allegedly withdrawn by appellant as management fees and interest, if ultimately found to be owed by appellant, cannot be orderly adjusted in the partnership dissolution proceeding, by being set off against appellant's remaining interests in the partnerships' assets or reducing the amount of the outstanding balance of appellant's loan to the partnerships, without the costly services of a temporary receiver. The appointment of the Special Referee by the motion court should be sufficient. Concur—Murphy, P. J., Sullivan, Rosenberger, Asch and Tom, JJ.