■ MARY RONAN, as Executor of DANIEL E. RONAN, Deceased, Respondent, v VALLEY STREAM REALTY COMPANY et al., Appellants. [670 NYS2d 885] —In an action for dissolution of a partnership and an accounting of partnership assets, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Franco, J.),

dated April 4, 1997, as (1) granted the plaintiff's motion for summary judgment dissolving the partnership and directing an accounting for all partnership transactions from the date of dissolution to the date the account is rendered, (2) denied the defendants' cross motion for summary judgment compelling specific performance of a partnership agreement, and (3) *sua sponte*, appointed a receiver of the partnership property.

Ordered that the order is modified by deleting the fourth decretal paragraph thereof, which, *inter alia*, appointed a receiver of the partnership property, and substituting therefor a provision granting the plaintiff the value of Daniel E. Ronan's partnership interest as of the date of his death, plus, at the plaintiff's election, interest upon Daniel E. Ronan's partnership interest as of the date of his death, or one-third of the profits as of the date of Daniel E. Ronan's death, less any money paid to the plaintiff since the date of Daniel E. Ronan's death; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant Charles R. Willis failed to exercise his option to purchase the interest of Daniel E. Ronan, the plaintiff's decedent, in the subject partnership because Willis placed a condition, i.e., his obtaining acceptable bank financing, upon his exercising the option (*see, Duane Sales v Carmel*, 49 NY2d 862; *Roer v Cross County Med. Ctr. Corp.*, 83 AD2d 861; *Novik v Bartell Broadcasters*, 39 AD2d 885, *affd* 32 NY2d 659). " 'It is a fundamental principal of contract law that a valid acceptance must comply with the terms of the offer * * * and, if qualified with conditions it is equivalent to a rejection and counteroffer' " (*Willis v Ronan*, 218 AD2d 794, 795, quoting *Roer v Cross County Med. Ctr. Corp., supra*).

We disagree, however, with the Supreme Court's determination that the plaintiff, upon an accounting of Daniel E. Ronan's partnership interest, was entitled to her choice between the value of the partnership as of the date of Ronan's death or its value as of the date the accounting is rendered. Willis, the surviving partner with a two-third partnership interest, continued the business of the partnership with the implied consent of the plaintiff. Accordingly, the plaintiff was entitled to the value of her partnership interest as of the date of Ronan's death, the date the partnership was dissolved, with, at the plaintiff's option, either interest on the value of her partnership interest as of the date of Ronan's death, or one-third of the profits from the date of Ronan's death, less any money she has received since Ronan's death (*see*, Partnership Law § 73; *Tarantino v Albert*, 160 AD2d 310).

In addition, the Supreme Court improvidently exercised its discretion when it *sua sponte* appointed a receiver to wind up the partnership affairs (*see*, CPLR 6401 [a]; *Matter of Hessert v Brooklyn Home Dialysis Training Ctr.*, 231 AD2d 719). The appointment of a receiver is an extreme remedy which is used sparingly in partnership dissolution actions (*see, Scharff v SS & K Partnership*, 187 AD2d 645). Here, the record is devoid of any evidence that the appointment of a receiver is necessary to preserve the assets of the partnership or protect the interests of the parties (*see, Matter of Hessert v Brooklyn Home Dialysis Training Ctr., supra; Modern Collection Assocs. v Capital Group*, 140 AD2d 594). O'Brien, J. P., Joy, Altman and Luciano, JJ., concur.