■ BARRY EVANS, Appellant, v LEONARD J. SANTISI et al., Respondents. [681 NYS2d 754] —Order, Supreme Court, New York County (Barry Cozier, J.), entered August 25, 1998, which denied plaintiff's motion for a preliminary injunction prohibiting payments by the Dissolution Committee of defendant law firm to its shareholders and for the appointment of a receiver to administer the winding down of the firm's affairs, unanimously affirmed, with costs.

The judicial relief requested by plaintiff is foreclosed by the mandatory alternative dispute resolution provisions in the parties' October 30, 1997 Dissolution Agreement. Moreover, even if the parties' agreement posed no impediment to the relief sought by plaintiff, such relief would still be unavailable to plaintiff. As the motion court observed, plaintiff otherwise failed to establish the requisites for the grant of a preliminary injunction (*see, Aetna Ins. Co. v Capasso*, 75 NY2d 860, 862) and did not demonstrate the need for the appointment of a receiver to oversee the winding down of the dissolved law firm's affairs (*see, Mandel v Grunfeld*, 111 AD2d 668). Concur—Sullivan, J. P., Rosenberger, Wallach and Mazzarelli, JJ.

■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. ALLAN B. ECKER, Admitted on March 22, 1954, at a Term of the Appellate Division, First Department. [682 NYS2d 837] —Motion granted and respondent reinstated as an attorney and counselor-at-law in the State of New York, effective the date hereof. No opinion. Concur—Milonas, J. P., Ellerin, Nardelli, Williams and Mazzarelli, JJ. [*See,* 240 AD2d 106.]