■ Hideyo Chow et al., Respondents, v Anew XCVIII, Inc. et al., Appellants. [819 NYS2d 493]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered April 4, 2005, which, insofar as appealed from, denied defendants' motion to compel plaintiffs-respondents to produce the lease they entered into for tenth-floor space in the same building in which they were sharing ninth-floor space with defendants, unanimously affirmed, without costs.

Plaintiffs seek to recover security deposits pursuant to an oral sublease with defendants as reflected in an unsigned writing. Defendants assert that the unsigned sublease reflects the essential terms of an oral five-year joint venture that the parties had entered into for the rental, renovation and commercial use of the ninth-floor space. The parties are all health professionals whose separate practices were to realize various benefits by being on the same floor. However, defendants further assert, after the renovations were completed and plaintiffs had paid for their share of the space for many months, plaintiffs rented the tenth floor and started to renovate it, anticipatorily breaching the joint venture agreement and compelling defendants to serve a notice of termination on plaintiffs. Defendants argue that production of the new lease and renovation plans is necessary in order to determine when it was negotiated and executed and whether it gave plaintiffs a financial incentive for breaching the joint venture agreement.

As the motion court held, the alleged oral joint venture is unenforceable under the statute of frauds since it was not to be performed within one year (General Obligations Law § 5-701 [a] [1]). Since defendants' claim of a joint venture is not valid, their demand for discovery in support of that claim is rejected. Plaintiffs' reliance on the unsigned sublease as the basis for their claim for return of their security deposits is not tantamount to a concession that they had entered into the alleged joint venture with defendants, and does not constitute a waiver of the statute of frauds as against the alleged joint venture. Nor are there any issues of fact as to defendants' part performance of the alleged joint venture. The parties did not perform any acts typical of a joint venture, and those they did perform, i.e.,

defendants' renovation of the ninth floor, plaintiffs' payment of rent to defendants, and plaintiffs' guarantee of defendants' payment of rent to the landlord, are not unequivocally referable to the alleged joint venture agreement, and can be reasonably explained as performance of obligations under the oral sublease (*see RTC Props. v Bio Resources*, 295 AD2d 285, 286 [2002], *lv dismissed* 99 NY2d 531 [2002]). Also without merit is defendants' argument that their unrebutted allegations of fraud equitably estop plaintiff from raising the statute of frauds. Regardless of whether this is an unpleaded defense raised for the first time in affidavits opposing summary judgment, the defense to plaintiffs' claim for return of the security deposits is based on a breach of contract, and defendants cannot recast that theory as a fraud (*see Weitz v Smith*, 231 AD2d 518, 518-519 [1996]). We note that there is no dispute that plaintiffs vacated the ninth floor only after defendants served the notice of termination. We have considered and rejected defendants' remaining arguments. Concur—Andrias, J.P., Marlow, Sweeny, McGuire and Malone, JJ.