GEOFFREY GELMAN, Appellant, v ANTONIO BUEHLER, Respondent. [936 NYS2d 154]—

Defendant could not unilaterally dissolve the partnership since the partnership had the specific undertaking of acquiring

a business and expanding it until the investors would receive a return on their capital investments. Moreover, the partnership also had a definite term, namely, to achieve the liquidity event. " '[W]here a partnership has for its object the completion of a specified piece of work, or the effecting of a specified result, it will be presumed that the parties intended the relation to continue until the object has been accomplished' " (*Hooker Chems. & Plastics Corp. v International Mins. & Chem. Corp.*, 90 AD2d 991, 991 [1982], quoting *Hardin v Robinson*, 178 App Div 724, 729 [1916], *affd* 233 NY 651 [1918]). Here, a sale or other liquidity event was the ultimate goal of the partnership, and until that time a partner could not unilaterally terminate the partnership.

Thus, it does not matter that the partnership was to operate between four to seven years to achieve the liquidity event, and it was error for the lower court to dismiss the breach of contract claim this early in the action. As the Court of Appeals has held, "In the absence of an express term fixing the duration of a contract, the courts may inquire into the intent of the parties and supply the missing term if a duration may be fairly and reasonably fixed by the surrounding circumstances and the parties' intent" (*Haines v City of New York*, 41 NY2d 769, 772 [1977]; *see also Scholastic, Inc. v Harris*, 259 F3d 73, 85 [2001] ["Whether a partnership is terminable at will is a question of fact, and the jury should determine what the parties intended if the agreement does not fix an express duration"]).

Here, neither party expressly held out that the partnership was to be one terminable at will. Nor was the venture to be perpetual in nature. That is, the partnership did not seek to achieve an indefinite number of "liquidity events," but rather to achieve the one discernable event to give a return to a limited number of investors (*see Better Living Now, Inc. v Image Too, Inc.*, 67 AD3d 940, 941 [2009] ["Unless a contract expressly provides for perpetual performance, the 'law will not imply that a contract calling for continuing performance is perpetual in duration' "], quoting *Haines* at 772). In such a situation, and at this early juncture in the action, plaintiff's breach of contract claim should not have been dismissed.

Nor is the oral agreement between plaintiff and defendant barred by the statute of frauds. General Obligations Law § 5-701 (a) (1) provides that "a. Every agreement . . . is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, . . . if such agreement, . . . 1. By its terms is not to be performed within one year from the making thereof." In deciding if an oral agree-

ment falls within the statute of frauds, it matters not that it was unlikely or improbable that the contract could be performed within a year; rather, "[t]he critical test . . . is whether 'by its terms' the agreement is not to be performed within a year" (*Freedman v Chemical Constr. Corp.*, 43 NY2d 260, 265 [1977]; *see also Foster v Kovner*, 44 AD3d 23, 26 [2007] [stating that the statute of frauds "encompasses only those agreements which, by their terms, have absolutely no possibility in fact and law of full performance within one year" and that "(i)t matters not that completion of performance within one year may be unlikely or improbable" (internal quotation marks omitted)]). Here, although the estimated time to achieve a liquidity event was to be four to seven years, it cannot be said that there was absolutely no possibility that performance could not be completed within one year, and since "neither party has contended that the alleged agreement contained any provision which directly or indirectly regulated the time for performance, the agreement is not within the bar of [the statute of frauds]" (*Freedman*, 43 NY2d at 265).

In any event, where, as here, there is partial performance of the partnership agreement, the statute of frauds is inapplicable (*see H.P.P. Ice Rink v New York Islanders*, 251 AD2d 249 [1998]). The partial performance here included naming the LLC after the respective school colors of plaintiff and defendant, plaintiff and defendant moving in together and listing their residential address as their business address, creating joint business cards, creating marketing material, and sending numerous e-mails to and attending meetings with potential investors. Concur—Saxe, Moskowitz and Acosta, JJ.

Tom, J.P., and Catterson, J., dissent in a memorandum by Catterson, J., as follows: In my opinion, because the plaintiff does not allege that the parties' oral partnership agreement had a definite term, it was an at-will partnership that the defendant had the right to terminate at any time. Therefore, I must respectfully dissent.

This action arises from a purported oral partnership agreement between the plaintiff and the defendant that was formed for the purpose of engaging in a business venture called a "search fund." The plaintiff alleges that the parties would solicit investment capital from investors, and then use the money to locate a business with growth potential, acquire the business, expand it, and create a "liquidity event," such as selling it for a profit, when the investors would receive their returns on their investments. The plaintiff further alleges that upon finding a target business, he and the defendant agreed to purchase it and

"operate the business until the liquidity event could be achieved, or, if the liquidity event could not be achieved earlier, they would operate the business for a period of approximately 4 to 7 years." If a profitable liquidity event could not be achieved, then they would "sell the business," and if it could not be sold, they would attempt to "create some other liquidity event, such as an initial public offering." In February 2008, after having found potential investors, but before receiving any investment money, the defendant withdrew from the partnership.

On August 11, 2009, the plaintiff filed an amended complaint asserting causes of action for breach of an oral partnership agreement and tortious interference with business relationships, and seeking $700,000 in damages. The defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (7), and the motion court granted the motion on March 16, 2010. For the reasons, set forth below, I would affirm the motion court and dismiss the complaint.

I disagree with the majority that the oral partnership agreement was for a definite term or particular undertaking. As the motion court noted, correctly in my opinion, the parties discussed various plans and business scenarios. Citing to *Sanley Co. v Louis* (197 AD2d 412 [1st Dept 1993]), the motion court found that the plaintiff failed to allege sufficient facts to support his contention that the partnership was for a definite term or a particular objective. In *Sanley*, this Court found that a partnership formed "for the purposes of acquiring, managing and reselling residential real estate," with "[n]o term of duration . . . set by the partners" was a partnership at will. (197 AD2d at 413; *see e.g. Harshman v Pantaleoni*, 294 AD2d 687 [3d Dept 2002] [where agreement provided that partnership would continue until certain real property was sold, partnership had no definite term and was therefore at will].)

Similarly, in this case, a partnership formed for the purpose of acquiring, improving and reselling a business with no specified term of duration is a partnership at will. Absent a "definite term," the purported partnership was at will and the defendant could dissolve it at any time. (*See* Partnership Law § 62 [1] [b]; *Shandell v Katz*, 95 AD2d 742, 743 [1983].)