[986 NE2d 914, 964 NYS2d 80]

GEOFFREY GELMAN, Respondent, v ANTONIO BUEHLER, Appellant.

Argued February 7, 2013; decided March 26, 2013

**POINTS OF COUNSEL**

*Niehaus LLP*, New York City (*Paul R. Niehaus* and *S. Gabriel Hayes-Williams* of counsel), for appellant. I. The Appellate Division improperly reinstated plaintiff's breach of contract claim. (*Prince v O'Brien*, 234 AD2d 12; *Wahl v Barnum*, 116 NY 87; *Shandell v Katz*, 95 AD2d 742; *Bayer v Bayer*, 215 App Div 454; *Sanley Co. v Louis*, 197 AD2d 412; *Harshman v Pantaleoni*, 294 AD2d 687; *Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553; *Cooke v Dodge,* 168 Misc 561; *Locke v Benton & Bowles, Inc.*, 253 App Div 369; *Haines v City of New York*, 41 NY2d 769.)

*Geoffrey Gelman*, respondent pro se. I. The instant partnership was not at will. (*Harshman v Pantaleoni*, 294 AD2d 687; *Sanley Co. v Louis*, 197 AD2d 412; *Scholastic, Inc. v Harris*, 259 F3d 73; *St. Lawrence Factory Stores v Ogdensburg Bridge & Port Auth.*, 202 AD2d 844; *Hooker Chems. & Plastics Corp. v International Mins. & Chem. Corp.*, 90 AD2d 991; *Hardin v Robinson*, 178 App Div 724; *Haines v City of New York*, 41 NY2d 769; *Napoli v Domnitch*, 18 AD2d 707, 14 NY2d 508; *Community Capital Bank v Fischer & Yanowitz*, 47 AD3d 667; *Matter of Steinbeck v Gerosa*, 4 NY2d 302.) II. There is no requirement for a written partnership agreement. (*Shandell v Katz*, 95 AD2d 742; *Mendelovitz v Cohen*, 20 Misc 3d 1146[A], 2008 NY Slip Op 51893[U]; *Hooker Chems. & Plastics Corp. v International Mins. & Chem. Corp.*, 90 AD2d 991; *F&K Supply v Willowbrook Dev. Co.*, 304 AD2d 918; *Zimmerman v Harding*, 227 US 489; *Klein v Greenberg*, 461 F Supp 653.)

**OPINION OF THE COURT**

GRAFFEO, J.

Partnership Law § 62 (1) (b) states that a partnership formed by oral agreement may be dissolved unilaterally if "no definite

term or particular undertaking is specified" in the underlying agreement. Because the parties in this case did not sufficiently address either of these provisions in their oral contract, we conclude that there was no breach of contract when one party withdrew from the enterprise.

According to the allegations in the complaint, which we must accept as true, plaintiff Geoffrey Gelman and defendant Antonio Buehler were recent business school graduates who decided to form a partnership in 2007. Buehler had proposed a plan to Gelman aimed at acquiring $600,000 from investors for the purpose of establishing a "search fund" to research and identify a business with growth potential. A second investor solicitation was contemplated to raise any additional funding needed to pay the purchase price of the targeted business. Buehler and Gelman were to manage the business with the goal of increasing its value until it could be sold at a profit—they referred to this future occurrence as the "liquidity event"—and the investors would share in the profits realized from the sale. Gelman accepted Buehler's proposal and the partnership was formed by oral agreement. Buehler and Gelman expected that the business plan would reach its objective in four to seven years.

The partners apparently pursued prospective investors for several months. Buehler withdrew from the venture after Gelman refused his demand for majority ownership of the partnership. As relevant to this appeal, Gelman sued Buehler for breach of contract, claiming that Buehler could not unilaterally terminate his obligations under the agreement. Buehler moved to dismiss the complaint on the ground that dissolution was permissible under Partnership Law § 62 (1) (b) because the oral agreement did not include a "definite term or particular undertaking." Supreme Court granted Buehler's motion to dismiss, concluding that the complaint failed to allege that the partnership agreement provided for a definite term or a defined objective.

The Appellate Division modified by reinstating the breach of contract cause of action, reasoning that the complaint adequately described a "definite term" by its reference to the liquidity event and sufficiently alleged a "specific undertaking of acquiring a business and expanding it until the investors would receive a return on their capital investments" (91 AD3d 425, 425-426 [1st Dept 2012]). Two Justices dissented, concluding that the partnership was dissolvable at will under Partnership Law § 62 (1) (b) because the oral agreement contained

neither a definite term nor a particular undertaking. Buehler now appeals on the basis of a question that the Appellate Division certified to us.

The common law provided that "a contract of partnership, containing no stipulation as to the time during which it shall continue in force . . . may be dissolved by either partner at his own will at any time" (*Karrick v Hannaman*, 168 US 328, 333-334 [1897]), unless the "partnership has for its object the completion of a specified piece of work, or the effecting of a specified result" (*Hardin v Robinson*, 178 App Div 724, 729 [1st Dept 1916]). The Uniform Partnership Act of 1914 proposed that these concepts be codified through the use of the phrase "definite term or particular undertaking" (Uniform Partnership Act § 31 [1] [b]).[1] When New York enacted its Partnership Law several years later, it incorporated the Act's suggestion (*see* L 1919, ch 408). As it reads today, Partnership Law § 62 (1) (b) states that a partnership may be dissolved "[b]y the express will of any partner when no definite term or particular undertaking is specified" in the partnership agreement. In this appeal, we are asked to decide whether the allegations in Gelman's complaint set forth a "definite term" or identify the particular objective sought to be achieved with the requisite specificity.

Since the enactment of the Partnership Law in New York, courts in other jurisdictions have held that the commonly-used statutory phrase—a "definite term"—is intended to be durational in nature and refers to an identifiable termination date (*see e.g. Scholastic, Inc. v Harris*, 259 F3d 73, 85-86 [2d Cir 2001]; *Johnson v Kennedy*, 350 Mass 294, 298, 214 NE2d 276, 278 [1966]; *Posner v Miller*, 356 Mich 6, 9, 96 NW2d 110, 111-112 [1959]; *Nicholes v Hunt*, 273 Or 255, 261-262, 541 P2d 820, 823-824 [1975]; *Willman v Beheler*, 499 SW2d 770, 775 [Mo 1973]; *Fisher v Fisher*, 83 Cal App 2d 357, 360, 188 P2d 802, 804 [1948]). A "particular undertaking" has been defined to require a specific objective or project that may be accomplished at some future time, although the precise date need not be known or ascertainable at the time the partnership is created (*see e.g. Tropeano v Dorman*, 441 F3d 69, 77-78 [1st Cir 2006] ["Business activities which may continue indefinitely are not

---

1. The Uniform Act has been updated but continues to use "definite term or particular undertaking" (*see* Uniform Partnership Act [1997] §§ 406 [a]; 602 [b] [2]).

'particular' in nature and do not constitute particular undertakings"]; *Scholastic, Inc. v Harris*, 259 F3d at 86; *Fischer v Fischer*, 197 SW3d 98, 104 [Ky 2006], quoting *Girard Bank v Haley*, 460 Pa 237, 244, 332 A2d 443, 447 [1975]; *Miami Subs Corp. v Murray Family Trust*, 142 NH 501, 509, 703 A2d 1366, 1371 [1997]; *Harshman v Pantaleoni*, 294 AD2d 687, 688 [3d Dept 2002]).

Applying similar meanings to the terminology in Partnership Law § 62 (1) (b), we believe that Gelman's complaint lacks a fixed, express period of time during which the enterprise was expected to operate. Instead, the complaint alleges a flexible temporal framework: the parties were to solicit investments for an indefinite length of time; conduct an open-ended (possibly two-year) search for an unidentified business in an unknown business sector or industry; secure additional capital investments over the course of an unspecified period of time; and then purchase and operate the enterprise for an indeterminate duration (perhaps four to seven years) until a liquidity event would hopefully occur. Since the complaint does not set forth a specific or even a reasonably certain termination date, it does not satisfy the "definite term" element of section 62 (1) (b).[2]

Furthermore, when the entire scheme is considered, the alleged sequence of anticipated partnership events detailed in the complaint are too amorphous to meet the statutory "particular undertaking" standard for precluding unilateral dissolution of a partnership. The stages of the plan, as alleged by Gelman, were to: (1) raise money; (2) identify a business to buy; (3) raise more money to purchase the business; (4) "operate the business to increase its value"; (5) "achieve the liquidity event"; (6) "sell the business"; and (7) secure profit from the sale. But these objectives are fraught with uncertainty and are less definitive than the declarations referring to specific industries that have been found to be inadequate by other courts (*see e.g. Scholastic, Inc.*, 259 F3d at 86 [objective of the partnership was the " 'development, packaging, production and distribution of theatrical feature films . . . while also involved . . . in television development and production' "]; *Sanley Co. v Louis*, 197 AD2d 412, 413 [1st Dept 1993] [partnership's purpose was to acquire,

---

**2.** The error in the Appellate Division's rationale was that it equated "definite term" with the liquidity event—a possible future occurrence from which an identifiable termination date was not ascertainable at the outset of the partnership.

manage and resell real estate]). In contrast, the Third Department ruled that the "particular undertaking" requirement was satisfied in *St. Lawrence Factory Stores v Ogdensburg Bridge & Port Auth.* (202 AD2d 844, 845 [3d Dept 1994]) because the agreement identified the specific purpose of the partnership as the development and construction of a retail factory outlet center on an identified parcel of real property. Nothing in Gelman's complaint approaches such precision.

In the absence of a definite term of duration or a particular undertaking to be achieved, the partnership agreement at issue, however well-intended, was dissolvable at will by either partner under Partnership Law § 62 (1) (b). Consequently, defendant Buehler is entitled to dismissal of the breach of contract cause of action.

Accordingly, the order of the Appellate Division, insofar as appealed from, should be reversed, with costs, the breach of contract cause of action of the complaint dismissed, and the certified question answered in the negative.

Chief Judge LIPPMAN and Judges READ, SMITH and PIGOTT concur; Judge RIVERA taking no part.

Order, insofar as appealed from, reversed, with costs, the breach of contract cause of action of the complaint dismissed, and the certified question answered in the negative.