OPINION OF THE COURT
Saxe, J.
The question presented here is whether a part performance exception should be applied to contracts that are not capable of performance within one year of their making, which must be in writing pursuant to General Obligations Law § 5-701 (a) (1). While this Court’s decisions have been inconsistent on the issue, review of the statute and controlling case law *27 compels us to conclude that no such exception is authorized, since unlike General Obligations Law § 5-703, which explicitly provides for a part performance exception for oral contracts for the conveyance of an interest in real estate, section 5-701 contains no such provision. We therefore hold that the complaint must be dismissed.
Facts
Plaintiff Jeffrey Gural and defendant Fred Drasner owned neighboring tracts of land in Stanfordville, Dutchess County, New York. Gural had a 135-acre tract of land containing a residence and a horse-breeding farm; Drasner owned a 100-acre property, of which one tax lot abutted Gural’s property, with the remainder, named Ludlow Woods, located across the road from Gural’s farm. On the latter, Drasner had a primary residence, and later built a secluded hunting lodge atop a hill. Gural alleges that in the fall of 2001, he and Drasner entered into an oral agreement in which Gural agreed to clear some of Drasner’s land at the foot of the hill where Drasner’s hunting lodge was located, to re-seed it, fence it, and construct a “run-in” shed for horses, and to dig a well on Drasner’s property and construct a road there. In return, Drasner allegedly agreed to allow Gural’s horses to occupy the newly cleared grass pastures around the hunting lodge, at least until such time as he sold the property, and to reimburse Gural for his expenses from the sale proceeds.
Gural allegedly completed the improvements over a span of several years, at a cost of $181,551.89. Soon afterward, in early 2005, Drasner told Gural that he was selling Ludlow Woods, including the hunting lodge, and that Gural’s horses would have to be removed. In 2006, Drasner sold Ludlow Woods for $3.5 million; the new owner began using the pastures and run-in shed constructed by Gural for her own horses. Gural then allegedly made several demands of Drasner for repayment, but was refused. This action for breach of contract and unjust enrichment followed.
Drasner moved for summary judgment dismissing the complaint, contending that the alleged oral agreement was unenforceable pursuant to General Obligations Law § 5-701 (a) (1) because it was incapable of being performed within one year from its making. He pointed to Gural’s deposition testimony that before horses can be put on a field to graze, “the first thing you have to do is clear the land, get the rocks out of there, plant grass and wait two years.” The motion court agreed, noting *28 that Gural had conceded that “it took two years to clear and seed the fields and have the grass grow sufficiently high to use for horses to graze” (2012 NY Slip Op 30107[U], *8 [2012]). As to Gural’s contention that part performance took the contract out of the statute, the motion court concluded that an issue of fact was presented as to whether Gural’s activities were unequivocally referable to the alleged oral contract, and denied Drasner’s motion. On Drasner’s reargument motion, the court adhered to its previous decision.
Discussion
Before addressing the central issue of the applicability of a part performance exception for contracts that must be in writing under General Obligations Law § 5-701, I note that I am troubled by the reasoning by which the oral contract alleged here was categorized as a contract incapable of performance within one year of its making (General Obligations Law § 5-701 [a] [1]). The application of section 5-701 (a) (1) is limited to contracts that “have absolutely no possibility in fact and law of full performance within one year” (Cron v Hargro Fabrics, 91 NY2d 362, 366 [1998] [emphasis added]).
“[T]he statute does not include an agreement which is simply not likely to be performed, nor yet one which is simply not expected to be performed within the space of a year. Neither does it include an agreement which, fairly and reasonably interpreted, admits of a valid execution within that time, although it may not be probable that it will be” (Warren Chem. & Mfg. Co. v Holbrook, 118 NY 586, 593 [1890]).
So, the determination of whether an alleged oral contract can possibly be performed within one year of its making is not conducted by looking back at the actual performance; it requires analysis of what was possible, looking forward from the day the contract was entered into.
To illustrate the point: In Freedman v Chemical Constr. Corp. (43 NY2d 260 [1977]), the alleged oral contract called for the plaintiff to assist the defendant in procuring a construction contract. Although the plaintiff admitted that it took more than three years for his own performance and another six until the plant was built, the Court held that section 5-701 (1) did not apply to bar the plaintiff’s claim because the alleged agreement was, by its terms, capable of performance within one year; the test was whether “by its terms” the agreement could not be performed within a year (id. at 265).
*29 Here, the motion court found that performance within one year was impossible based on Gural’s deposition testimony that to create grazing land, “the first thing you have to do is clear the land, get the rocks out of there, plant grass and wait two years.” The motion court reasoned that this testimony constituted a concession that it necessarily takes two years before a field can be cleared and ready for grazing.
As an abstract matter, it is difficult to believe that it would be impossible to accomplish the creation of a grazing field within one year, at least if cost were not an issue. Indeed, Gural, in his respondent’s brief, asserts that the court’s conclusion was erroneous because “jw]hile it might well take a field two years to mature for grazing purposes, that does not mean that animals could not be placed on the fields before that time.”
However, the record before this Court contains no other factual materials on this point — no depositions, no affidavits— and therefore no support for any factual conclusion other than the one at which the motion court arrived on this point. I am accordingly constrained to accept, for these purposes, the motion court’s categorization of the oral contract as incapable of being performed within one year of its making, and therefore subject to General Obligations Law § 5-701 (a) (1). I therefore turn to the issue briefed by the parties: whether part performance can take such a contract out of the statute.
Analysis of the part performance exception must begin by emphasizing that General Obligations Law § 5-701 lacks any provision for a part performance exception such as that explicitly provided for by General Obligations Law § 5-703, which concerns contracts for the conveyance of an interest in real property. That is, while section 5-703 (4) specifically provides, “Nothing contained in this section abridges the powers of courts of equity to compel the specific performance of agreements in cases of part performance,” the broader statute of frauds provision of section 5-701 contains nothing of the sort — although, notably, it contains other exceptions (see e.g. § 5-701 [a] [10] [“This provision . . . shall not apply to a contract to pay compensation to an auctioneer, an attorney at law, or a duly licensed real estate broker or real estate salesman”]).
Two relevant principles of statutory construction apply here. The first is that “a court cannot amend a statute by inserting words that are not there, nor will a court read into a statute a provision which the Legislature did not see fit to enact” (Mat *30 ter of Chemical Specialties Mfrs. Assn. v Jorling, 85 NY2d 382, 394 [1995], quoting McKinney’s Cons Laws of NY, Book 1, Statutes § 363 at 525). The second is that an “inference must be drawn that what is omitted or not included was intended to be omitted and excluded” (id., quoting Statutes § 240 at 412). Inferring that the legislature authorized a part performance exception for an oral contract that is not capable of performance within one year violates these principles.
Courts sometimes read missing language into a statute, concluding that the omissions were inadvertent and that the legislature’s intent to include the omitted provision was clear (see Standard Acc. Ins. Co. v Newman, 2 Misc 2d 348, 358-359 [Sup Ct, Bronx County 1944], affd 268 App Div 967 [1st Dept 1944]; Matter of Beneficial Fin. Co. of N.Y. [Baker], 43 Misc 2d 546 [Sup Ct, Monroe County 1964]). However, no such inadvertent error or omission may properly be found here.
The present form of the statutory provision, General Obligations Law § 5-701, was enacted in 1963 (L 1963, ch 576, § 1), and its predecessor statutes, have existed since the nineteenth century (see McKinney’s Cons Laws of NY, Book 23A, General Obligations Law § 5-701, Historical and Statutory Notes, Derivation at 7). Since the nineteenth century, the Court of Appeals has unequivocally rejected a part performance exception to the statute of frauds for contracts that cannot be performed within one year. In 1889, the Court held that “[a]n oral contract, invalid by the statute of frauds, because by its terms it is not to be performed within one year from the making thereof, is not validated by part performance” (Wahl v Barnum, 116 NY 87, 98 [1889]). In 1919, in Tyler v Windels (227 NY 589 [1919], affg 186 App Div 698 [1st Dept 1919]), the Court affirmed this Court’s ruling that “nothing short of full performance by both parties will take the contract [that cannot be performed within one year] out of the operation of the statute [of frauds]” (186 App Div at 700). In Meyers v Waverly Fabrics, Div. of Schumacher & Co. (65 NY2d 75, 78-79 [1985]), it held that General Obligations Law § 5-701 barred the cause of action for breach of an alleged oral licensing agreement because it could not be performed within one year from its making; it explicitly “decline[d] plaintiff’s invitation” to hold part performance, namely, her unilateral performance, to be sufficient to take the oral contract out of the statute (id.).
Of course, the New York Court of Appeals has said more recently that it has never “recognized a parallel judicially- *31 created part performance exception to [General Obligations Law] § 5-701” (Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group, 93 NY2d 229, 234 n 1 [1999]). While, admittedly, that language alone is not an announcement that such an exception may never be applied, it is far from an affirmation of the applicability of such an exception in this context.
Gural suggests that applying the part performance exception to permit enforcement of an alleged oral agreement that cannot be performed within one year should be permissible because it does not contravene the purpose of the statute of frauds, namely, to prevent perjured testimony or casual oral statements from fraudulently imposing a contract on a party that did not, in fact, enter into a binding agreement (see Intercontinental Planning v Daystrom, Inc., 24 NY2d 372, 385 [1969]). However, the judiciary does not have the right or the authority to decide whether or not to apply a clearly on-point statute in any given case by determining whether the general purpose of the statute is furthered by its application in that particular case. Moreover, the most basic purpose of the statute of frauds provision regarding contracts that cannot be performed within one year is contravened by creating an exception to the statute: “[W]ith regard specifically to the requirement for a signed writing for a contract not to be performed within one year, ‘the design of the statute was, not to trust to the memory of witnesses for a longer time than one year’ ” (D & N Boening v Kirsch Beverages, 63 NY2d 449, 453-454 [1984], quoting Smith v Westfall, 1 Lord Raymond 316, 317 [1697]).
The legislature declined to include any part performance exception to the statute of frauds for oral contracts incapable of performance within one year, while it authorized such an exception for another type of oral contract. There is nothing new about this absence of such an exception in this context; the Court of Appeals has declined to find or apply one for over 100 years. Accordingly, the absence cannot be treated as an inadvertent oversight.
It is true that in the past this Court has often accepted a part performance exception to General Obligations Law § 5-701 (see Travis v Fallani & Cohn, 292 AD2d 242, 244 [1st Dept 2002]),* albeit most often finding the claimed performance not unequivo *32 cally referable to the alleged contract (see Hideyo Chow v Anew XCVIII, Inc., 30 AD3d 253 [1st Dept 2006]; RTC Props. v Bio Resources, 295 AD2d 285 [1st Dept 2002], lv dismissed 99 NY2d 531 [2002]). Nevertheless, we now reject the reasoning of those cases, and hold, as did this Court in Stephen Pevner, Inc. v Ensler (309 AD2d 722 [1st Dept 2003]), that the law simply does not provide for or permit a part performance exception for oral contracts other than those to which General Obligations Law § 5-703 applies (see also Bowman v Di Placidi, 27 AD3d 259 [1st Dept 2006]; Brown v Brown, 12 AD3d 176 [1st Dept 2004]; Tradewinds Fin. Corp. v Refco Sec., 5 AD3d 229 [1st Dept 2004]). As this Court clearly explained in the Stephen Pevner case, which involved a claimed oral contract for the services of a literary agent, “The exception to the statute of frauds for part performance applies to General Obligations Law § 5-703, which deals with real estate transactions, but it has not been extended to General Obligations Law § 5-701” (309 AD2d at 722, citing Messner Vetere, 93 NY2d at 234 n 1).
Accordingly, the order of the Supreme Court, New York County (Saliann Scarpulla, J.), entered August 3, 2012, which, in effect, granted defendant’s motion to reargue his motion for summary judgment dismissing the complaint, and, upon reargument, adhered to the original determination denying the motion, should be reversed, on the law, without costs, and the motion for summary judgment granted. The Clerk is directed to enter judgment dismissing the complaint.
Acosta, J.E, Moskowitz, Freedman and Manzanet-Daniels, JJ., concur.
Order, Supreme Court, New York County, entered August 3, 2012, reversed, on the law, without costs, and the motion for summary judgment granted. The Clerk is directed to enter judgment dismissing the complaint.

 In fact, members of this bench previously signed on to some of those decisions (see e.g. Gelman v Buehler, 91 AD3d 425 [1st Dept 2012], revel on other grounds 20 NY3d 534 [2013]). Notably, however, in Gelman, the part performance issue was not squarely raised. Rather, since the motion court had not *32 reached the statute of frauds issue, the part performance issue was first mentioned, and only briefly, in plaintiffs reply brief (citing cases involving alleged oral contracts conveying interests in real estate). Based on those earlier cases, we accepted the validity of the part performance exception to contracts falling under section 5-701 — which acceptance we now consider to be incorrect — without having heard any challenge to that proposition.